675 F.2d 1144
 John J. WREN, Plaintiff-Appellant,
v.
Patricia R. HARRIS, Secretary of the Department of Health,
Education & Welfare*; William J.
Driver, Commissioner of the Social
Security Administration,
Defendants-Appellees.
 No. 81-1674.
 United States Court of Appeals,
Tenth Circuit.
 April 23, 1982.
 
 John J. Wren, pro se.
 R. E. Thompson, U. S. Atty., and Ronald F. Ross, Asst. U. S. Atty., Alburquerque, N. M., for defendants-appellees.
 Before BARRETT, McKAY and LOGAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant, John J. Wren, seeks review of orders entered by the district court granting appellees' motion for summary judgment and dismissing his complaint. Mr. Wren is an administrative law judge of the Bureau of Hearings and Appeals of the Social Security Administration. He alleged in his complaint that appellees had willfully and intentionally refused to honor his request for information under the Privacy Act, 5 U.S.C. § 552a. Mr. Wren sought an injunction ordering the release of various documents and money damages.
 
 
 3
 In granting summary judgment, the district court determined, after an in camera review of the requested material, that the documents requested were exempt from release pursuant to the Freedom of Information Act, 5 U.S.C. § 552(b)(5) and § 552(b)(6).[1] The district court's conclusion was in accordance with similar determinations reached by the administrative agency. We conclude that the district court's order granting summary judgment demonstrates a fundamental misunderstanding of the relationship between the Privacy Act (PA) and the Freedom of Information Act (FOIA). Accordingly, we reverse.
 
 
 4
 The primary thrust of the Freedom of Information Act is to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Department of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976) (quoting Rose v. Department of the Air Force, 495 F.2d 261, 263 (2d Cir. 1974)); see also Environmental Protection Agency v. Mink, 410 U.S. 73, 79-80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973). The Act provides a procedure for the public to obtain access to the information generated by the activities of governmental agencies. Notwithstanding this broad purpose, the Act does under some circumstances authorize the agency to keep information confidential. See 5 U.S.C. § 552(b) (enumeration of nine exemptions from disclosure under the FOIA).
 
 
 5
 The Privacy Act was enacted to promote "governmental respect for the privacy of citizens by requiring all departments and agencies of the executive branch and their employees to observe certain constitutional rules in the computerization, collection, management, use, and disclosure of personal information about individuals." S.Rep. No. 93-1183, 93rd Cong., 2d Sess., reprinted in (1974) U.S.Code Cong. & Ad.News 6916. With this concern in mind, the Act establishes strict limitations on the compilation and dissemination of personal information about individuals. See Houston v. United States Department of Treasury, 494 F.Supp. 24, 28 (D.D.C.1979). Section 552a(b) conditions disclosure to any person or agency of any "record"[2] contained within a "system of records"[3] upon the prior written consent of the individual to whom the record pertains. Eleven exemptions from the written consent requirement are provided in § 552a(b)(1-11). Section 552a(d) grants an individual access to his own records or any other information pertaining to him which is contained in a system of records.[4] Exemption from disclosure to the individual of his own records is governed by § 552a(d)(5) and § 552a(k).
 
 
 6
 Thus, the FOIA begins with the premise that all activities of a federal agency should be subject to public scrutiny. The PA limits this scrutiny where the information is personal to an individual. However, when the individual to whom the information pertains is also the individual requesting the information, the PA presumes that disclosure to that individual will occur. 5 U.S.C. § 552a(d) (1). Stated otherwise, the PA provides rights to the individual with respect to his own records greater than the rights of the public generally.
 
 
 7
 Mr. Wren's pro se complaint clearly requested the release of certain unedited information and documents held in the custody of the appellees. Although referring by name only to the Privacy Act, the complaint can be properly construed to seek the information under either the PA or the FOIA.[5] In the instant case, the district court, at the suggestion of appellees, analyzed the request for documents solely under the FOIA. The court made no attempt to decide whether the documents were discoverable under the PA. The record contains no finding as to whether Mr. Wren's request was for access "to his (own) record or to any information pertaining to him," § 552a(d)(1), or whether the requested documents are contained in a "system of records" as required by that section. Because these factual questions were not addressed by the court below, we hold that the grant of summary judgment for appellees was error and we therefore remand this case for further hearings regarding the applicability of the Privacy Act.
 
 
 8
 On remand, should the district court find that the documents requested by Mr. Wren consist of "his record" or "any information pertaining to him," and that they are "records" contained in a "system of records," § 552a(a)(4), (5), (d)(1), then the court must grant him access to those documents as provided in § 552a(d)(1), unless the court finds that they are exempt from disclosure under § 552a(d)(5) or § 552a(k). Furthermore, if the court finds the records to be accessible to Mr. Wren under the PA, the exemptions from disclosure contained in the FOIA would be inapplicable.[6] Thus, the court's reliance on § 552(b)(5) and (b)(6) to withhold the documents would be improper if the court determines that the PA permits disclosure.
 
 
 9
 Mr. Wren next argues that the district court erred in granting appellees' motion to dismiss his request for compensatory damages. The district court concluded that neither the PA nor the FOIA permits an award of damages under these circumstances. We disagree.
 
 
 10
 The FOIA does not authorize an award of damages for a violation thereof. See § 552(a)(4). The PA, however, does authorize the district court to grant money damages under specified circumstances. Section 552a(g)(4) provides:
 
 
 11
 In any suit brought under the provisions of subsection (g)(1)(C) or (D)[7] of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of-
 
 
 12
 (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
 
 
 13
 (B) the costs of the action together with reasonable attorney fees as determined by the court.
 
 
 14
 5 U.S.C. § 552a(g)(4).
 
 
 15
 If the complaint alleges an unlawful withholding of records requested under § 552a(d)(1), the remedy afforded by the PA is an injunction against the withholding and an order requiring disclosure of the records. 5 U.S.C. § 552a(g)(3)(A). Monetary damages are not authorized in such an action. Where, however, the complaint alleges a deficiency in maintaining the records, an award of damages is authorized by § 552a(g)(4) if the court finds that the agency acted intentionally or willfully.
 
 
 16
 In his complaint Mr. Wren alleged that appellees had willfully refused "to release certain information that had been requested." Record, vol. 1, at 1. However, the pre-trial order in this case states that the claim is for "intentional and wilful refusal to allow Plaintiff to see his file and failure to keep his file in accordance with the Privacy Act..." Id. at 416 (emphasis added). According to the pre-trial order, therefore, Mr. Wren alleged not only unlawful withholding of his records but also a failure to adequately maintain them. This latter claim gives rise to a cause of action for damages. See § 552a(g)(1)(C), (g)(4).
 
 
 17
 The rule in this circuit regarding the effect of a pre-trial order was set forth in Trujillo v. Uniroyal Corp., 608 F.2d 815 (10th Cir. 1979):
 
 
 18
 A "definitive pre-trial order reflecting the agreement of the parties, having been entered into after full discovery, must, of course, control the subsequent course of the action. F.R.Civ.P. 16(6)." Case v. Abrams, 352 F.2d 193, 195 (10th Cir. 1965). When issues are defined by the pre-trial order, "they ought to be adhered to in the absence of some good and sufficient reason." Id. at 195-96 ....
 
 
 19
 608 F.2d at 817. The record in this case does not disclose a "good and sufficient reason" to disregard the statement of Mr. Wren's claim contained in the pre-trial order. Mr. Wren's claim of "failure to keep his file in accordance with the Privacy Act" as reflected in the pre-trial order was sufficient to overcome a motion to dismiss since it properly stated a claim for money damages under § 552a(g)(1)(C) and § 552a(g)(4). We therefore hold that the district court erred in granting the appellees' motion to dismiss.
 
 
 20
 Except as indicated herein, we find Mr. Wren's contentions to be without merit.[8] We reverse and remand this case for further proceedings consistent with this opinion.
 
 
 21
 REVERSED and REMANDED.
 
 
 
 *
 Richard S. Schweiker, Secretary of the newly-organized Department of Health and Human Services, was automatically substituted as party defendant, pursuant to Fed.R.Civ.P. 25(d)(1), when he succeeded to the office of Patricia R. Harris. See Record, vol. 1, at 444-45
 
 
 [1]
 (b) This section does not apply to matters that are-
 (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
 (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.
 5 U.S.C. § 552(b)(5), (6).
 
 
 [2]
 A "record" is defined by the PA as:
 any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.
 5 U.S.C. § 552a(a)(4).
 
 
 [3]
 A "system of records" is defined by the PA as:
 a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual.
 5 U.S.C. § 552a(a)(5). See Hanley v. United States Dep't of Justice, 623 F.2d 1138 (6th Cir. 1980); Savarese v. HEW, 479 F.Supp. 304 (N.D.Ga.1979), aff'd, 620 F.2d 298 (5th Cir. 1980), cert. denied, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981); Smiertka v. IRS, 447 F.Supp. 221 (D.D.C.1978).
 
 
 [4]
 Section 552a(d) provides that each agency shall:
 upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence;
 5 U.S.C. § 552a(d)(1). See Voelker v. IRS, 646 F.2d 332 (8th Cir. 1981).
 
 
 [5]
 In paragraph 4 of his complaint, Mr. Wren alleged that the district court had jurisdiction "pursuant to 5 U.S.C. 552 and 552(a)." Record, vol. 1, at 1. Since "552" and "552(a)" both refer to the FOIA, it is apparent in view of the many references in the complaint to the PA that Mr. Wren meant to invoke jurisdiction under § 552 (the FOIA) and § 552a (the PA). In paragraph 3 of his complaint, Mr. Wren alleged that this action was brought within two years from the date on which the cause of action arose, citing "5 U.S.C. 552(g)(5)." This allegation is required in actions under the PA by § 552a(g)(5). Since § 552 (the FOIA) does not even contain a section (g), we conclude that Mr. Wren clearly meant to refer to the PA
 
 
 [6]
 Section 552a(q) of the PA provides:
 No agency shall rely on any exemption contained in section 552 of this title (the FOIA) to withhold from an individual any record which is otherwise accessible to such individual under the provisions of this section.
 See Nemetz v. Department of the Treasury, 446 F.Supp. 102, 105 (N.D.Ill.1978).
 
 
 [7]
 5 U.S.C. § 552a(g)(1) provides in relevant part:
 Whenever any agency
 ....
 (B) refuses to comply with an individual request under subsection (d)(1) of this section;
 (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
 (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
 the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.
 
 
 [8]
 We note that the PA authorizes a civil action only against an agency and not against any individual. See 5 U.S.C. § 552a(g)(1); Parks v. IRS, 618 F.2d 677, 684 (10th Cir. 1980). The PA defines "agency" to include "any executive department." 5 U.S.C. § 552a(a)(1), § 552(e). Since the Social Security Administration is a subdivision of an executive department (the Department of Health and Human Services), but is not itself an executive department, it is not an "agency" suable under the PA. Therefore, the district court correctly dismissed William J. Driver, Commissioner of the Social Security Administration, as a party defendant in this suit