2004 ND 181

**Ronald R. ERNST, Plaintiff
and Appellant**

v.

**Birch BURDICK, Brett Shasky, and
Sherri Arnold, Defendants and
Appellees.**

**Ronald R. Ernst, Plaintiff
and Appellant**

v.

**Birch Burdick, Defendant
and Appellee.**

Nos. 20040104, 20040105.

Supreme Court of North Dakota.

Oct. 12, 2004.

Rehearing Denied Nov. 19, 2004.

Ronald R. Ernst (on brief), pro se, Bismarck, ND, for plaintiff and appellant.

Stacey E. Tjon, Solberg, Stewart, Miller & Tjon, Fargo, ND, for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Ronald R. Ernst appealed from a summary judgment dismissing his claim for damages against Birch Burdick, Brett Shasky, and Sherri Arnold for disseminating criminal history information about him to the media, in violation of N.D.C.C. § 12–60–16.6 and related statutory provisions. Ernst also appealed from a summary judgment dismissing his claim for damages against Burdick for allegedly disseminating the same criminal history information a second time, after Ernst had filed his action against Burdick, Shasky, and Arnold for disseminating that information. We hold that our statutory law on gathering and disseminating criminal history record information does not create a private cause of action for violating its provisions. We, therefore, affirm both summary judgments dismissing Ernst's claims against these defendants.

I

[¶ 2] In April 2002, Ernst became a suspect in a criminal investigation of a break-in at a Fargo apartment where a number of women's undergarments had been stolen. Ernst was arrested and subsequently pled guilty to burglary, stalking, theft of property, disorderly conduct, and criminal mischief, all relating to the break-in of the Fargo apartment. He was sentenced and is currently incarcerated at the North Dakota State Penitentiary.

[¶ 3] On May 28, 2002, Ernst filed a complaint against Burdick, Cass County State's Attorney who oversaw Ernst's prosecution relating to the Fargo apartment break-in, Brett Shasky, a Cass County Assistant State's Attorney who handled Ernst's prosecution, and Sherri Arnold, a

detective with the Fargo police department, alleging these defendants violated state statutory law by releasing information to the media about his criminal history. Ernst sought damages of $250,000 each against Shasky and Arnold and $50,000 against Burdick. On June 27, 2003, Ernst filed a second action against Burdick, alleging Burdick told the media the first action was frivolous and "again stated the same items that brought on the first court action" for which Ernst sought $250,000 damages against Burdick. The defendants filed motions in these two cases requesting the trial court to summarily dismiss the claims brought against them. The trial court granted the motions to dismiss in both cases, finding there were no genuine issues of material fact, and the defendants were entitled to judgment as a matter of law. On appeal the cases were consolidated for resolution by this Court.

## II

[¶ 4] On appeal, Ernst asserts the trial court erred in summarily dismissing his claims. Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial if there is no genuine issue of material fact, or if the law is such that resolution of factual disputes will not alter the result. *Stout v. Fisher Industries, Inc.*, 1999 ND 218, ¶ 7, 603 N.W.2d 52. Although the party seeking summary judgment has the burden of showing there is no genuine issue of material fact, the party resisting the motion may not simply rely upon the pleadings. *Minn–Kota Ag Products, Inc. v. Carlson*, 2004 ND 145, ¶ 5, 684 N.W.2d 60. Nor may the opposing party rely upon unsupported, conclusory allegations. *Id.* Rather, the resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the

court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact. *Id.* The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief. *Id.* Whether a district court appropriately granted summary judgment is a question of law subject to a de novo standard of review on the entire record. *Azure v. Belcourt Public School Dist.*, 2004 ND 128, ¶ 8, 681 N.W.2d 816.

### A

[¶ 5] Burdick filed an affidavit stating that he had no personal knowledge of the source of the media's information about Ernst's criminal history and he did not have any conversations with the media regarding that matter. Ernst has not filed any competent admissible evidence by affidavit or other comparable means to refute Burdick's affidavit and has, therefore, failed to raise a genuine issue of material fact in support of his claim for damages against Burdick. We conclude, therefore, the trial court did not err in summarily dismissing Ernst's claims against Burdick for failure to raise a genuine issue of material fact.

### B

[¶ 6] Shasky, by affidavit dated March 5, 2004, states that he received the assignment to handle Ernst's prosecution for the charges brought against Ernst relating to the Fargo apartment break-in and that "[d]uring the course of the prosecution, the media, through Court documents and interviews with me, published stories about the case, including Ernst's prior criminal

history, which dates back to 1969." Arnold, by affidavit, dated February 4, 2004, states "[d]uring the course of the prosecution, the media, through Court documents and interviews with me, published stories about the case, including information regarding Ernst's criminal history dating back to 1969." Shasky's and Arnold's affidavits permit an inference that both of them disseminated information to the media about Ernst's criminal history. To determine whether it was appropriate for the trial court to summarily dismiss Ernst's claims against them, we review the relevant law to determine whether Ernst has a private cause of action for damages for the alleged violations.

[¶ 7] In 1987, our legislature enacted laws for centralized reporting, collecting, maintaining, and disseminating criminal history record information. S.L. 1987, ch. 162. This legislation is currently codified under N.D.C.C. §§ 12–60–16.1 through 12–60–16.10. The Interim Law Enforcement Committee of the 50th Legislative Assembly drafted the bill, and the 1987 Report of the North Dakota Legislative Council explained the primary focus of the legislation:

> The issue of the adequacy of criminal records primarily arises in the context of punishment meted out to a defendant after conviction. . . . It is frequently difficult, especially in misdemeanor cases, for a sentencing judge to obtain accurate information concerning the criminal history of the defendant and decide whether the defendant is entitled to more lenient treatment.
>
> Other issues that are important in this context are determining whether a given defendant before the court has been accurately identified . . . the ultimate result of a given criminal prosecution, and who has access to the information con-

tained in the state's criminal history record system.

Report of the N.D. Legis. Council 135 (1987). The legislation established the Bureau of Criminal Investigation as the agency for the centralized gathering and dissemination of "criminal history record information," which includes:

> information collected by criminal justice agencies on individuals consisting of identifiable descriptions and notations of arrests, detentions, indictments, information, or other criminal charges, any dispositions arising therefrom, sentencing, correctional supervision, and release.

N.D.C.C. § 12–60–16.1(3). A "criminal justice agency" means:

> any government law enforcement agency or entity authorized by law to provide information regarding, or to exercise the powers of, arrest, detention, prosecution, correctional supervision, rehabilitation, or release of persons suspected in, charged with, or convicted of, a crime.

N.D.C.C. § 12–60–16.1(4). The defendants, two prosecutors and a police officer, are part of a criminal justice agency as defined by this statute.

[¶ 8] Section 12–60–16.5, N.D.C.C., allows disclosure of criminal history record information for official purposes:

> The bureau and other criminal justice agencies shall disclose criminal history record information:
>
> 1. To a criminal justice agency that requests the information for its functions as a criminal justice agency or for use in hiring or retaining its employees.
>
> 2. To a court, on request, to aid in a decision concerning sentence, probation, or release pending trial or appeal.

3. Pursuant to a judicial, legislative, or administrative agency subpoena issued in this state.

4. As otherwise expressly required by law.

Section 12–60–16.6, N.D.C.C., limits other dissemination of such information: "[o]nly the bureau may disseminate criminal history record information to parties not described in section 12–60–16.5." The legislation makes a "willful violation" of its provisions a class A misdemeanor. N.D.C.C. § 12–60–16.10.

[¶ 9] Relevant to Ernst's claims, one could argue that if Shasky and Arnold disseminated criminal record history information about Ernst to parties other than those described under N.D.C.C. § 12–60–16.5, they did so in violation of N.D.C.C. § 12–60–16.6. However, that determination, were we to make it, would not resolve this appeal, unless these statutory provisions create a private cause of action for damages. *Greybull v. State*, 2004 ND 116, ¶ 9, 680 N.W.2d 254 (it is well established that an appellate court need not address questions, the answers to which are unnecessary to the determination of an appeal).

[¶ 10] Clearly, the language of the statutes does not expressly create a private action for damages. The issue, then, is whether the legislature impliedly intended to create a private right of action. Ernst, as the party urging an implied right of action, bears the burden of proof to establish the legislature intended to create the remedy. *Trade 'N Post, L.L.C. v. World Duty Free Americas, Inc.*, 2001 ND 116, ¶ 14, 628 N.W.2d 707. We conclude Ernst has failed to meet that burden.

[¶ 11] To determine whether to imply a private right of action under a state statute, we employ the first three factors enunciated by the United States Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) for deciding whether a private right of action should be implied under a federal statute. *Trade 'N Post*, 2001 ND 116, ¶ 13, 628 N.W.2d 707. Those three factors are: (1) whether the plaintiff is one of the class for whose special benefit the statute was enacted; (2) whether there is an indication of legislative intent, explicit or implicit, either to create such remedy or to deny one; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff. *Id.* at ¶ 11.

[¶ 12] Considering the first factor, we conclude that Ernst is one of the class for whose benefit the legislation was enacted. While the primary focus of the legislation is to provide centralized collection and dissemination of criminal history records for use by criminal justice agencies, a secondary focus is to provide certain safeguards for the "record subject" and for limitations upon the dissemination of the information. For example, the legislation requires the attorney general to adopt rules regarding agency reporting and maintaining of criminal history record information and requires rules for the "[i]nspection and challenging of criminal history record information by a record subject." N.D.C.C. § 12–60–16.3(1)(b). The legislation also provides that when the Bureau of Criminal Investigation disseminates information under N.D.C.C. § 12–60–16.6, it must mail notice of that dissemination to the record subject. N.D.C.C. § 12–60–16.8. Additionally, under N.D.C.C. § 12–60–16.6, only the Bureau of Criminal Investigation may disseminate criminal history record information to parties other than courts and other criminal justice agencies as described under N.D.C.C. § 12–60–16.5. Consequently, we conclude that Ernst is within the class of persons for whose bene-

fit some of the statutory safeguards were enacted.

[¶ 13] The second factor is whether there is any indication of legislative intent, explicit or implicit, to create or deny a private cause of action. The legislature's silence in failing to expressly provide a private right of action is a strong indication it did not intend such a remedy. *Trade 'N Post*, 2001 ND 116, ¶ 14, 628 N.W.2d 707.

¶ 14 The legislature drafted these statutes closely following the Uniform Criminal History Records Act. Under the Uniform Act, a person whose criminal history record information is disseminated in violation of the Act is given an express right to "maintain an action for appropriate relief ... and recover compensatory damages sustained as the result of the violation ... and reasonable attorney's fees." Uniform Criminal History Records Act (U.L.A.) § 13. Our legislature chose not to include this language in our law. In construing statutes, this Court has recognized the maxim *expressio unius est exclusio alterius*, which means the mention of one thing implies the exclusion of another. *Trade 'N Post*, 2001 ND 116, ¶ 20, 628 N.W.2d 707. While the legislature expressly made a willful violation of these statutory provisions a class A misdemeanor, (N.D.C.C. § 12–60–16.10) it chose to exclude the Uniform Act language creating a private cause of action for such violations. That act of omission is a persuasive indication the legislature intended to deny private causes of action for violations of the law.

[¶ 15] The only authority cited by Ernst in his appellate brief to support his right to bring a cause of action for money damages under these statutes is *Wren v. Harris*, 675 F.2d 1144, 1147 (10th Cir. 1982). In *Wren*, an administrative law judge filed a civil action for money dam-ages, alleging the defendants wrongfully refused to honor his request for information under the Privacy Act. The Tenth Circuit Court of Appeals held that, under the express provisions of the Privacy Act, if there is an intentional or willful deficiency in maintaining records an award of damages is authorized. 5 U.S.C. § 552a(g)(4). *Wren* does not, therefore, support Ernst's claim for money damages, because the relevant federal statute in *Wren* expressly provided for monetary damages, whereas our statute does not.

[¶ 16] Having concluded the legislature did not intend to create a private cause of action, we need not address the third *Ash* factor whether such remedy would be consistent with the statutory scheme.

### III

[¶ 17] We hold a record subject does not have a private cause of action for damages against a party who violates provisions of our criminal history record information legislation under N.D.C.C. §§ 12–60–16.1 through 12–60–16.10. We conclude, therefore, the trial court did not err in summarily dismissing Ernst's claims against these defendants, and we affirm both summary judgments.

[¶ 18] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.