Filed 6/7/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 119

Empower the Taxpayer, on behalf of itself 

and the 28,000 + North Dakotans who signed 

the Petition, Charlene Nelson, and Robert Hale, Plaintiffs and Appellants

v.

State Tax Commissioner Cory Fong, Senator Dwight Cook, 

Senator David Oehlke, Representative Charles Damschen, 

Representative Lonnie Winrich, Divide County Commissioner 

Doug Graupe, Cass County Commissioner Scott Wagner, 

Wahpeton Finance Director Darcie Huwe, Williams County Auditor 

Beth Innis, North Dakota Association of Counties, 

North Dakota Association of County Commissioners, 

North Dakota League of Cities, North Dakota Weed 

Control Association, North Dakota School Board 

Association, Defendants

State Tax Commissioner Cory Fong, Senator Dwight Cook, 

Senator David Oehlke, Representative Charles Damschen, 

Representative Lonnie Winrich, Divide County Commissioner 

Doug Graupe, Cass County Commissioner Scott Wagner, 

Wahpeton Finance Director Darcie Huwe, Williams County Auditor 

Beth Innis, North Dakota Association of Counties, 

North Dakota League of Cities, North Dakota School Board 

Association, Appellees

No. 20120191

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Lynn M. Boughey, Box 836, Bismarck, N.D. 58502-0836, for plaintiffs and appellants.

Kirsten R. Franzen, Assistant Attorney General, North Dakota Office of Attorney General, 500 North 9th Street, Bismarck, N.D. 58501, for defendants and appellees State Tax Commissioner Cory Fong, Senator Dwight Cook, Senator David Oehlke, Representative Charles Damschen, and Representative Lonnie Winrich.

Randall J. Bakke (argued) and Shawn A. Grinolds (appeared), P.O. Box 460, Bismarck, N.D. 58502-0460, for defendants and appellees Divide County Commissioner Doug Graupe, Cass County Commissioner Scott Wagner, Wahpeton Finance Director Darcie Huwe, Williams County Auditor Beth Innis, North Dakota Association of Counties, North Dakota League of Cities, and North Dakota School Board Association.

Empower the Taxpayer v. State Tax Commissioner Cory Fong

No. 20120191

Maring, Justice.

[¶1] 
Empower the Taxpayer, Charlene Nelson, and Robert Hale (collectively “Empower”) appeal from an order dismissing their request for injunctive relief against numerous state and local government officials and other entities.  We affirm, because Empower has failed to establish that there is a private right of action to enforce the provisions of the North Dakota Corrupt Practices Act, N.D.C.C. ch. 16.1-10.

I

[¶2] Empower supports North Dakota Initiated Constitutional Measure 2 to abolish property taxes which is on the June 2012 primary election ballot.  In February 2012, Empower brought this action seeking injunctive relief against the defendants to prohibit them from, among other things, “advocating any position on Measure 2” and to declare them “no longer eligible to run for public office.”  Empower alleged the officials and entities had violated provisions of the Corrupt Practices Act by distributing false and misleading information about the effect of Measure 2.  The district court dismissed the action, concluding “Empower lacks standing to bring this claim as the Corrupt Practices Act is a criminal law, the Defendants’ actions did not violate Empower’s legal rights, and the legislature did not imply a private right of action” for violation of the Act’s provisions.

II

[¶3] The district court dismissed the action on the pleadings under N.D.R.Civ.P. 12(b)(vi).  This Court will affirm dismissal of a complaint for failure to state a claim if we cannot discern a potential for proof to support it, and we review the district court’s decision de novo.  
See
 
Brandvold v. Lewis and Clark Pub. Sch. Dist. No. 161
, 2011 ND 185, ¶ 6, 803 N.W.2d 827.  Empower relies solely on the defendants’ alleged violations of the Corrupt Practices Act, N.D.C.C. §§ 16.1-10-02 and 16.1-10-

04, to support its action for injunctive relief.  The dispositive issue on appeal is whether the district court erred in concluding there is no private right of action to enforce the provisions of the Corrupt Practices Act.

[¶4] The Corrupt Practices Act specifically provides criminal penalties for violations of its provisions.  
See
 N.D.C.C. § 16.1-10-01 (listing circumstances under which a person is “guilty of corrupt practice” under the Act); N.D.C.C. § 16.1-10-04 (class A misdemeanor for publication of false information in political advertisements); N.D.C.C. § 16.1-10-06 (infraction for electioneering on election day); N.D.C.C. § 16.1-10-08 (class A misdemeanor for violation of other provisions of Act for which another penalty is not specifically provided).  Because the language of the Act does not expressly create a private right of action, this Court looks to whether the Legislature impliedly intended to create a private right of action, and Empower, as the party urging an implied right of action, bears the burden of proof to establish the Legislature intended to create the remedy.  
Trade ’N Post, L.L.C. v. World Duty Free Americas, Inc.
, 2001 ND 116, ¶ 14, 628 N.W.2d 707.  In 
Ernst v. Burdick
, 2004 ND 181, ¶ 11, 687 N.W.2d 473, this Court explained:

To determine whether to imply a private right of action under a state statute, we employ the first three factors enunciated by the United States Supreme Court in 
Cort v. Ash
, 422 U.S. 66, 78 (1975) for deciding whether a private right of action should be implied under a federal statute.  
Trade ’N Post
, 2001 ND 116, ¶ 13, 628 N.W.2d 707.  Those three factors are: (1) whether the plaintiff is one of the class for whose special benefit the statute was enacted; (2) whether there is an indication of legislative intent, explicit or implicit, either to create such remedy or to deny one; and (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff.  
Id.
 at ¶ 11.

[¶5] We need not decide whether the first and third factors have been established, because Empower has failed to establish an explicit or implicit indication of legislative intent to create the remedy of a private right of action.  First, the “legislature’s silence in failing to expressly provide a private right of action is a strong indication it did not intend such a remedy.”  
Ernst
, 2004 ND 181, ¶ 13, 687 N.W.2d 473.  Second, Empower has pointed to nothing in the language and focus of the statutes, the legislative history, or the statutory purpose indicating the Legislature intended to create a private right of action.  
See
 
Trade ’N Post, L.L.C.
, 2001 ND 116, ¶ 14, 628 N.W.2d 707.  Third, this Court effectively resolved the issue in 
District One Republican Comm. v. District One Democrat Comm.
, 466 N.W.2d 820 (N.D. 1991).  In 
District One
, 466 N.W.2d at 827-28, this Court concluded an alleged violation of the Corrupt Practices Act, N.D.C.C. ch. 16.1-10, is not grounds for a civil election contest under N.D.C.C. ch. 16.1-16.  
See also
 
District One
, at 833 (VandeWalle, J., concurring specially) (“I agree with the majority that in matters involving the violation of the Corrupt Practices Act the legislature intended they be tried by criminal action and not by a civil contest of election.”)  Although 
District One
 involved civil election contests under N.D.C.C. ch. 16.1-16, we see no reason why its rationale is not applicable here where Empower is attempting to fashion a private right of action for violations of the Corrupt Practices Act itself.  Empower argues 
District One
 should be overruled, but provides no persuasive reasons for us to do so.  

[¶6] We conclude the district court did not err in ruling there is no private right of action to enforce the provisions of the Corrupt Practices Act.  Absent express statutory authorization, injunctive relief is not available to enjoin violations of criminal law.  
See
 
Svedberg v. Stamness
, 525 N.W.2d 678, 681 (N.D. 1994), and authorities cited therein.  We therefore conclude the court correctly dismissed Empower’s action on the pleadings for failure to state a claim upon which relief can be granted.

III

[¶7] It is unnecessary to address other issues raised because they are either unnecessary to the decision or are without merit.  The order is affirmed.

[¶8] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.