2013 ND 187

**EMPOWER THE TAXPAYER, on behalf of itself and the 28,000 + North Dakotans who signed the Petition, Charlene Nelson, and Robert Hale, Plaintiffs and Appellants**

v.

**State Tax Commissioner Cory FONG, Senator Dwight Cook, Senator David Oehlke, Representative Charles Damschen, Representative Lonnie Winrich, Divide County Commissioner Doug Graupe, Cass County Commissioner Scott Wagner, Wahpeton Finance Director Darcie Huwe, Williams County Auditor Beth Innis,**

North Dakota Association of Counties, North Dakota Association of County Commissioners, North Dakota League of Cities, North Dakota Weed Control Association, North Dakota School Board Association, Defendants

Divide County Commissioner Doug Graupe, Cass County Commissioner Scott Wagner, Wahpeton Finance Director Darcie Huwe, Williams County Auditor Beth Innis, Appellees.

No. 20130011.

Supreme Court of North Dakota.

Oct. 22, 2013.

Lynn M. Boughey, Bismarck, N.D., for plaintiffs and appellants.

Randall J. Bakke (argued) and Shawn A. Grinolds (on brief), Bismarck, N.D., for defendants and appellees.

MARING, Justice.

[¶ 1] Empower the Taxpayer ("Empower"), Charlene Nelson, and Robert Hale appeal from a district court order granting sanctions against them and from an order denying their motion to reconsider the award of sanctions. Because we are unable to understand the basis for the

district court's ruling, we reverse and remand for further proceedings.

## I

[¶ 2] North Dakota Initiated Constitutional Measure 2, which would have abolished property taxes, was disapproved by the voters in the June 2012 primary election. *See* 2013 N.D. Sess. Laws ch. 511. Empower, Nelson, and Hale supported Measure 2. Before the election, Empower, Nelson, and Hale brought this action against numerous state and local government officials and other entities alleging violations of the Corrupt Practices Act, N.D.C.C. ch. 16.1–10, and seeking injunctive relief, including prohibiting the defendants from "advocating any position on Measure 2" and declaring the defendants "no longer eligible to run for public office." *Empower the Taxpayer v. Fong*, 2012 ND 119, ¶ 2, 817 N.W.2d 381. Four of the defendants, denoted the "County Defendants" by the district court, were county or municipal officials who had allegedly expressed opinions in opposition to Measure 2. The County Defendants sought sanctions against the plaintiffs and their attorney under N.D.R.Civ.P. 11, alleging the action against them was frivolous and that it had been brought for an improper purpose.

[¶ 3] The action was ultimately dismissed by the district court, and on appeal this Court affirmed the dismissal. *Empower the Taxpayer*, 2012 ND 119, ¶ 7, 817 N.W.2d 381. After the action was dismissed, the district court considered the County Defendants' motion for sanctions. In an order dated August 30, 2012, the district court concluded a competent attorney could not in good faith have believed that a cause of action existed against the County Defendants. The court therefore ordered as a sanction under N.D.R.Civ.P. 11 that the County Defendants be awarded their reasonable attorney fees and costs for defending against the action and that the plaintiffs prepare a written retraction of their allegations of corruption and impropriety to be published in the major newspapers of the state. The court directed counsel for the County Defendants to submit an affidavit setting out the attorney fees and costs attributable to defense of the County Defendants.

[¶ 4] Counsel for the County Defendants submitted an affidavit and supporting documents outlining attorney fees of $25,805.73 and costs of $825.51 attributable to the defense of the County Defendants. Empower, Nelson, and Hale thereafter submitted a motion for reconsideration of the Rule 11 sanctions. In an order dated November 27, 2012, the district court denied the motion for reconsideration, awarded sanctions of $25,805.73 in attorney fees and $825.51 in costs, and ordered that a proposed retraction be submitted within 20 days.

## II

[¶ 5] Empower, Nelson, and Hale have appealed, arguing the district court erred in concluding the action was frivolous and ordering Rule 11 sanctions, erred in ordering publication of a retraction, erred in failing to provide a hearing, and abused its discretion in setting the amount of the sanctions.

[¶ 6] Rule 11(b), N.D.R.Civ.P., provides in pertinent part:

> By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass,

cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. . . .

The district court may impose sanctions against a party, attorney, or law firm for a violation of Rule 11(b). N.D.R.Civ.P. 11(c)(1); *Holkesvig v. Welte,* 2011 ND 161, ¶ 13, 801 N.W.2d 712; *Heinle v. Heinle,* 2010 ND 5, ¶ 26, 777 N.W.2d 590. We have outlined our standard of review of a district court's imposition of sanctions under Rule 11:

The determination whether to impose sanctions for a violation of N.D.R.Civ.P. 11(b) lies within the sound discretion of the district court. This Court will not disturb a district court's sanctions under N.D.R.Civ.P. 11(c) unless the district court abused its discretion. If the district court made any factual determinations relevant to the issue of sanctions, we review the district court's findings under a clearly erroneous standard.

*Heinle,* at ¶ 27 (citations omitted); *see also In re Pederson Trust,* 2008 ND 210, ¶ 22, 757 N.W.2d 740.

■■■■ [¶ 7] As we have previously noted, however, this Court cannot perform its appellate function unless we are able to understand the basis for the district court's decision. *Sateren v. Sateren,* 2013 ND 12, ¶ 16, 826 N.W.2d 303; *In re J.N.,* 2012 ND 256, ¶ 12, 825 N.W.2d 868; *In re Hehn,* 2011 ND 214, ¶ 8, 806 N.W.2d 189. A reviewing court needs to know the reasons for the trial court's decision before it can intelligently rule on the issues, *see Gadeco, LLC v. Industrial Comm'n,* 2012 ND 33, ¶ 21, 812 N.W.2d 405, and if the trial court does not provide an adequate explanation of the evidentiary and legal

basis for its decision we are left to merely speculate whether the court properly applied the law. *Sateren,* at ¶ 16; *In re J.N.,* at ¶ 12.

■■■■ [¶ 8] In the specific context of sanctions under Rule 11, the rule itself mandates that "[a]n order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." N.D.R.Civ.P. 11(c)(6). In addition, the order must explain how the sanction is "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." N.D.R.Civ.P. 11(c)(4); *see Heinle,* 2010 ND 5, ¶ 29, 777 N.W.2d 590. If the district court fails to adequately explain the basis for the sanction or how the sanction was appropriately limited to what was necessary to deter future conduct, this Court is precluded from affirming the award of sanctions under Rule 11. *Heinle,* at ¶ 29.

[¶ 9] After a careful review of the two district court orders delineating the award of sanctions, we are unable to understand the basis for the court's decision. There is confusion and uncertainty regarding which subsections of Rule 11 the court relied upon as the basis for the sanctions and ambiguity about who was responsible to pay the attorney fees and costs and publish the retraction.

[¶ 10] In its August 2012 order, the court noted the County Defendants sought sanctions because the plaintiffs' action against them was frivolous under Rule 11(b)(2) and had been brought for an improper purpose in violation of Rule 11(b)(1). The court briefly addressed the legal standards governing imposition of sanctions for frivolousness or improper purpose, applying the standards under the corresponding federal rule:

Under Fed.R.Civ.P. 11, both the tests for frivolousness and improper purpose

are objective tests. 47 Am.Jur.Trials 521, § 5 (May 2012). "Under the 'frivolous' test, the court determines whether a competent attorney admitted to practice before the district court could reasonably have had a good-faith belief in the merit of a factual or legal contention after an objectively reasonable inquiry." *Id.* "Under the 'improper purpose' test, the court determines whether the pleading, motion, or other paper has been interposed for purposes of delay, harassment, or increasing costs of litigation." *Id.* Most courts will not sanction a party under the improper purpose test if the pleading has "some merit." *Id.* The remainder of the court's order, however, is limited to a discussion of whether the action against the County Defendants was frivolous. The court's ultimate conclusion was that the "lawsuit against [the County Defendants] is frivolous because a competent attorney, after a reasonable inquiry into the law, would not believe that a cause of action existed merely for a public official to publically [sic] state his or her opposition to initiated measure 2." Thus, it appears the court based its order of sanctions upon Rule 11(b)(2) for bringing a frivolous action.

[¶ 11] The court did not, however, resolve the question whether the action had been brought for an improper purpose in violation of subsection (b)(1). While it might not ordinarily matter whether sanctions were also authorized under another subsection, the issue is crucial in this case because of limitations on sanctions for violations of Rule 11(b)(2). Rule 11(c)(5)(A), N.D.R.Civ.P., directs that "[t]he court must not impose a monetary sanction ... against a represented party for violating Rule 11(b)(2)." Thus, if the sole basis for the district court's award of sanctions was that the action was frivolous and violated Rule 11(b)(2), the court had no authority to order monetary sanctions against Empower, Nelson, or Hale, who at all times in this action have been represented by counsel. *See Simpson v. Chicago Pneumatic Tool Co.*, 2005 ND 55, ¶ 19, 693 N.W.2d 612. Monetary sanctions would only be available against the plaintiffs if some other subsection of Rule 11(b) was violated. The district court in this case failed to address and resolve the other alleged violation of Rule 11(b).

[¶ 12] Further complicating the issues in this case is the fact that the district court's orders create confusion and uncertainty over whom the sanctions were levied against. In its original August 2012 order, the court noted it would refer to the three plaintiffs collectively as "Empower the Taxpayer." In its dispositive language, the order directs that "Empower the Taxpayer shall pay the reasonable attorneys' fees and costs" and a written retraction was to be prepared "for state-wide publication at the expense of Empower the Taxpayer." In its November 2012 order, in which it denied the plaintiffs' motion for reconsideration and finalized the amount of costs and attorney fees, the court stated: "This Court Ordered Rule 11 sanctions on Plaintiff and its' [sic] counsel in the form of payment of attorneys fees and to require a 'retraction' of allegations of 'corruption' and allegations of 'alleged impropriety.'" The order goes on to provide: "Plaintiff is ordered to pay attorneys fees ... in the amount of $25,805.73 and costs of $825.51," and "Plaintiff will provide to the Court and Plaintiff's [sic] attorney within 20 days of this order a proposed retraction for publication." Throughout the November 2012 order the court used the singular "Plaintiff" with no explanation of who was included in that term, and the order suggests plaintiffs' counsel was also responsible for paying the sanctions. The court's orders do not clearly specify which of the plaintiffs and/or their attorney are

responsible for the ordered sanctions, particularly when read in light of the limitation under Rule 11(c)(5)(A).

[¶ 13] We conclude the district court's orders do not provide an adequate explanation of the evidentiary and legal basis for its decision, and we are unable to adequately understand the basis for the court's decision to properly perform our appellate function. We therefore reverse the orders granting sanctions under Rule 11, and we remand to the district court with directions it clarify its decision by explaining which subsections of Rule 11(b) provide the basis for the sanctions and expressly specifying which plaintiffs and/or their attorney are liable for the sanctions, keeping in mind the proscription of Rule 11(c)(5)(A). We further direct that the court consider and explain how the sanctions imposed are limited to what is sufficient to deter similar future conduct. *See* N.D.R.Civ.P. 11(c)(4); *Heinle,* 2010 ND 5, ¶ 29, 777 N.W.2d 590.

### III

[¶ 14] We reverse the August 2012 and November 2012 orders granting Rule 11 sanctions and remand for further proceedings consistent with this opinion.

[¶ 15] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, dissenting.

[¶ 16] I respectfully dissent.

[¶ 17] The district court lays out the law and the facts, finds Empower the Taxpayer's suit against the named defendants frivolous, and states:

> This Court finds it appropriate to sanction Empower the Taxpayer for naming Divide County Commissioner Doug Graupe, Cass County Commission-er Scott Wagner, Wahpeton Finance Director Darcie Huwe, and Williams County Auditor Beth Innis in the complaint because a competent attorney could not have had a good faith belief that a cause of action exists merely for a public official stating his or her opposition to an initiated measure.

[¶ 18] It is clear from the arguments before the district court and this Court that the plaintiffs were, at a minimum, using the suit for the improper purpose of harassing the defendants and seeking to oppress the defendants' constitutional right to free speech and that no lawyer could have reasonably believed the plaintiffs were entitled to proceed as they have done in this suit.

[¶ 19] No party argues they are unable to understand the basis of the district court's decision, although the plaintiffs disagree that the basis is adequate to sanction them. I would hold that the district court's basis is adequate and that it did not abuse its discretion in sanctioning the plaintiffs.

[¶ 20] The majority says the district court did not allocate responsibility among the plaintiffs to pay the sanctions, but the plaintiffs have not raised this as an issue on appeal. Presumably, they are able to work this out among themselves.

[¶ 21] Finally, I believe this Court should now answer the question of the permissibility of the district court's ordering the plaintiffs to publish a retraction of their allegations of corruption.

[¶ 22] Dale V. Sandstrom