FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
AUGUST 4, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 158

Blayne Puklich, individually and derivatively
on behalf of B&E Holdings, LLP,

Plaintiff, Appellant,

and Cross-Appellee

v.

Elyse Puklich, and END, L.L.L.P.,

Defendants, Appellees,

and Cross-Appellants

## No. 20220062

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Ryan R. Dreyer, Minnetonka, MN, for plaintiff, appellant, and cross-appellee.

Michael J. Geiermann, Bismarck, ND, for defendants, appellees, and cross-appellants.

# Puklich v. Puklich
## No. 20220062

**McEvers, Justice.**

[¶1]   Blayne Puklich appeals, individually and derivatively on behalf of B&E Holdings, LLP, from a judgment dismissing his breach of fiduciary duty claim against Elyse Puklich and END L.L.L.P.  Elyse Puklich cross appeals arguing the district court erred when it denied her motion for N.D.R.Civ.P. 11 sanctions.  The court held Blayne Puklich's claim, which alleges Elyse Puklich breached fiduciary duties by usurping a real estate opportunity, was res judicata but not frivolous.  We affirm the judgment.

I

[¶2]   Blayne Puklich and Elyse Puklich are the children of Stan Puklich, who owned and operated an automobile dealership before his death.  The dispute arises from the parties' ownership of various business interests they either purchased or received from Stan Puklich.  Puklich Chevrolet, Inc. (PCI) owns the automobile dealership.  B&E Holdings owned the real estate where the dealership is located.  Blayne Puklich and Elyse Puklich each owned interests in these entities, and Elyse Puklich had assumed management responsibilities for both.

[¶3]   In 2014, Elyse Puklich filed a petition to dissolve B&E Holdings.  Blayne Puklich filed counterclaims alleging, as relevant to this appeal, that Elyse Puklich breached fiduciary duties she owed to PCI by usurping an opportunity to purchase an automobile dealership in Valley City.  Puklich Ketterling, Inc. (PKI), which Elyse Puklich created to purchase the dealership, was added as a party. After Blayne Puklich moved to amend his pleadings, the Valley City real estate where the dealership is located was transferred to another entity Elyse Puklich created named END, L.L.L.P.  END was not added as a party to the 2014 litigation.  The case proceeded to a bench trial, and the district court entered a judgment ordering, among other things, that B&E holdings be dissolved and Elyse Puklich purchase Blayne Puklich's interest in the partnership for roughly $3,000,000.

[¶4] The parties appealed. But, before their appeal was decided, Blayne Puklich filed another lawsuit against Elyse Puklich that included a claim based on the Valley City real estate transaction. The district court held it lacked jurisdiction to hear the case because "these issues are currently before the Supreme Court on appeal, and the parties are waiting for a decision." The court dismissed the case without prejudice, and neither party appealed. We then issued our opinion in *Puklich v. Puklich*, 2019 ND 154, 930 N.W.2d 593, in which we affirmed dissolution of B&E Holdings and reversed the judgment based on other issues not relevant here. As to the Valley City real estate claim, we held the district court "did not err in refusing to address this unpled claim." *Id.* at ¶ 47.

[¶5] Blayne Puklich subsequently filed this third lawsuit in June 2021. His complaint alleges B&E Holdings was formed for the purpose of owning and managing real estate for profit, the partnership agreement prohibited Elyse Puklich from engaging in similar business without approval from the B&E Holdings partners, she had a duty to present the Valley City real estate opportunity to B&E Holdings, and she breached that duty by usurping the opportunity. The district court granted Elyse Puklich's N.D.R.Civ.P. 12(b)(6) motion to dismiss the case holding the claim is res judicata because it "was or could have been raised" in the litigation that commenced in 2014. The court denied Elyse Puklich's motion for N.D.R.Civ.P. 11 sanctions concluding Blayne Puklich had provided case law supporting his argument that res judicata did not apply. Blayne Puklich appeals, and Elyse Puklich cross appeals.

II

[¶6] Blayne Puklich argues res judicata does not apply to his claim because the Valley City real estate deal occurred after he moved to amend his pleadings. He alleges he was unaware the deal had occurred at the time he filed his amended counterclaims. Elyse Puklich argues the claim is res judicata because Blayne Puklich submitted relevant evidence and the court decided the issues relating to his claim.

[¶7] The legal sufficiency of a claim is tested by a motion to dismiss under N.D.R.Civ.P. 12(b)(6). *Estate of Nelson*, 2015 ND 122, ¶ 5, 863 N.W.2d. 521. We

apply the following standard when reviewing an N.D.R.Civ.P. 12(b)(6) dismissal judgment:

> [W]e construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal.

*Atkins v. State*, 2021 ND 83, ¶ 9, 959 N.W.2d 588 (quoting *Curtiss v. State*, 2020 ND 256, ¶ 4, 952 N.W.2d 43).

A

[¶8]   We conclude the doctrine of issue preclusion bars Blayne Puklich from bringing this lawsuit to obtain relief in his individual capacity.

[¶9]   Various terms have been used, sometimes interchangeably, to describe preclusion principles, including "res judicata," "collateral estoppel," "claim preclusion," and "issue preclusion." *See Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101. There is a trend towards speaking "the language of preclusion," which the broad term "res judicata" encompasses. *See* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4402 (3d ed. April 2022 Update). Issue preclusion "forecloses relitigation of issues of either fact or law in a second action based on a different claim, which were necessarily litigated, or by logical and necessary implication must have been litigated, and decided in the prior action." *Great Plains Royalty Corp. v. Earl Schwartz Co.*, 2021 ND 62, ¶ 19, 958 N.W.2d 128 (quoting *Riverwood*, ¶ 13). Preclusion principles operate to promote finality and conserve judicial resources. *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 8, 718 N.W.2d 586. They should be applied flexibly to achieve fairness and justice. *Riverwood*, at ¶ 14. Whether issue preclusion applies is a question of law that is fully reviewable on appeal. *Sorenson v. Bakken Invs. LLC*, 2017 ND 127, ¶ 9, 895 N.W.2d 302.

[¶10] In the 2014 action, Blayne Puklich claimed Elyse Puklich breached fiduciary duties by usurping the Valley City real estate deal, and he presented evidence concerning his alleged damages relating to the lost opportunity. After hearing the testimony and reviewing the evidence, the district court made the following findings:

> Elyse testified that GM was offering the opportunity to her, personally, as the authorized dealer at PCI, and not to PCI as the corporation. The Court finds this evidence credible and compelling.

> .   .   .

> The Court finds that PKI's purchase of the Valley City dealership did not deprive PCI of a business opportunity. PKI is entitled to operate the Valley City dealership free and clear from any claim by PCI or Blayne.

> Likewise, the Court finds that the purchase and lease of the real estate in Valley City did not deprive PCI of a business opportunity. Elyse and PKI are entitled to own that property free and clear of any claim of PCI or Blayne.

Read together, the district court's findings are dispositive of whether Blayne Puklich had a personal interest in the Valley City deal or a right to be involved in it. He did not. The findings are also dispositive of whether Elyse Puklich breached a duty to Blayne Puklich personally by purchasing the real estate. The court unambiguously found Elyse Puklich is entitled to the real estate "free and clear of any claim of PCI or Blayne." These central issues to Blayne Puklich's claim in this case were decided in the 2014 action. We therefore hold Blayne Puklich's claim for damages in his individual capacity concerning the Valley City real estate opportunity is barred by the doctrine of issue preclusion.

B

[¶11] Blayne Puklich styled this suit as being brought both individually and "derivatively on behalf of B&E Holdings, LLP." He alleges B&E Holdings was formed to purchase, hold, and sell real estate for profit. He claims the

4

partnership agreement prohibited Elyse Puklich from engaging in business similar to that of B&E Holdings, and she breached her fiduciary duty by doing so. The parties have raised arguments concerning whether claim preclusion bars Blayne Puklich from bringing this derivative lawsuit on behalf of B&E Holdings. We need not address their arguments to decide this appeal. As a matter of law, Blayne Puklich cannot bring a derivative lawsuit on behalf of a partnership in which he held no interest.

[¶12] North Dakota has adopted a version of the Uniform Limited Partnership Act. *See* N.D.C.C. ch. 45-10.2. Under N.D.C.C. § 45-10.2-90, a partner may maintain a derivative action to enforce a right of a limited partnership if the partner first makes a demand on the general partners requesting the partnership bring the action and they refuse to do so or if such a demand would be futile. Section 45-10.2-91 specifies who may bring a derivative action. Among other requirements, the person must be "a partner at the time the action is commenced." *Id.*; *see also Gale v. Rittenhouse*, 686 N.W.2d 50, 53 (Minn. Ct. App. 2004) (applying Minnesota's uniform limited partnership act and affirming dismissal of derivative lawsuit when plaintiff was removed as a partner prior to suing); 68 C.J.S. *Partnership* § 590 (May 2022 update) ("[a] derivative action may be maintained only by a person that is a partner at the time the action is commenced").

[¶13] In his complaint, Blayne Puklich alleges a demand to bring the present suit would be futile, but he does not allege he is a partner in B&E Holdings. Nor could he. Prior to commencement of this lawsuit, we affirmed the judgment dissolving the partnership. *See Puklich*, 2019 ND 154, ¶ 49. Blayne Puklich subsequently filed satisfaction of judgments acknowledging Elyse Puklich paid him for his partnership interest and that she made the distributions to which he was entitled. The satisfactions were dated before service of the summons and complaint in this case. Because Blayne Puklich did not allege he was a partner at the time he brought this derivative lawsuit and the record demonstrates he was not, he lacks standing to sue derivatively on behalf of B&E Holdings, which appears to no longer exist. Although the district court dismissed Blayne Puklich's claim on another ground—that it is res judicata—we affirm its dismissal judgment for the foregoing reasons. *See*

5

*State v. Lafromboise*, 2021 ND 80, ¶ 20, 959 N.W.2d 596 (we will affirm if the result is the same under the correct law and reasoning).

### III

[¶14] Elyse Puklich cross appeals. She argues the district court erred when it denied her motion for sanctions. She asserts Blayne Puklich's claim is frivolous, and the district court should have awarded sanctions under N.D.R.Civ.P. 11.

[¶15] Under N.D.R.Civ.P. 11(b), by presenting filings to the court, a party certifies:

> (1) [the party's filings are] not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discover; and
>
> (4) the denials of factual contentions are warranted on the evidence or are reasonably based on belief or a lack of information.

The district court may sanction a party if it determines the party has violated Rule 11(b). *See* N.D.R.Civ.P. 11(c); *see also In re Pederson Trust*, 2008 ND 210, ¶ 22, 757 N.W.2d 740.

[¶16] Whether to impose sanctions under Rule 11 is within the district court's sound discretion. *Empower the Taxpayer v. Fong*, 2013 ND 187, ¶ 6, 838 N.W.2d 452. This Court reviews the district court's decision on a Rule 11 motion for sanctions under the abuse of discretion standard. *Id*. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned

6

determination." *Toman Eng'g Co. v. Koch Constr., Inc.*, 2022 ND 104, ¶ 17, 974 N.W.2d 680.

[¶17] The district court disagreed with Blayne Puklich's arguments but concluded they were not frivolous because there is "some support" for them in "some Federal case law." A claim is frivolous if it has "a complete absence of actual facts or law" that no reasonable person would expect it to succeed. *McCarvel v. Perhus*, 2020 ND 267, ¶ 19, 952 N.W.2d 86. Given the court's determination that Blayne Puklich provided legal authority to support his claims, albeit insufficient support, we are not convinced the court abused its discretion.

IV

[¶18] We affirm the judgment.

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

7