**Edwin HAAS, Plaintiff and Appellee,**

v.

**Lyle BURSINGER and Glenice Bursinger, husband and wife, Defendants and Appellants.**

**Civ. No. 900206.**

Supreme Court of North Dakota.

May 21, 1991.

Arne F. Boyum, Jr. (argued), Rolla, for plaintiff and appellee.

Foughty, Christianson, White Eagle & Berg, Devils Lake, for defendants and appellants, argued by Maureen White Eagle.

GIERKE, Justice.

This is an appeal from a judgment in favor of Edwin Haas against Lyle and Glenice Bursinger, husband and wife, settling a boundary dispute and quieting title in certain lands. We reverse and remand.

Haas is the owner of the North Half of the Southeast Quarter, the Southwest Quarter of the Southeast Quarter and Lot 9 of Section 6, Township 163, Range 71. The Bursingers own the East Half of the Southwest Quarter and Lots 7 and 8 of Section 6, Township 163, Range 71. A survey conducted by Donald Indvick of Wald Engineering, revealed that the south end of the Bursinger fence was located approximately 200 to 250 feet east of the south quarter corner of Section 6. The north end of the Bursinger fence was located approximately 90 feet east of the middle quarter corner of Section 6. Based upon the survey results, Haas brought action to quiet title to the land lying between the fence and the survey boundary. The total acreage in dispute is approximately 6 acres.

On appeal, the Bursinger's argued that the court erred in dismissing their claim of title based on the doctrine of acquiescence, that the court erred in failing to bar Haas's action to recover possession of property based on the Statute of Limitations in Section 28-01-04, N.D.C.C. and that the court erred in allowing costs of the survey to be awarded to Haas.

The statute of limitations for quiet title actions is contained in Section 28-01-04, N.D.C.C., which provides:

"Actions for recovery or possession of real property-Limitation.—No action for the recovery of real property or for the possession thereof shall be maintained, unless the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of such action."

Unless Haas was seized or possessed of the property at issue within 20 years before he began the quiet title action, he is barred from maintaining an action to quiet title to the property. *See Production Credit, Etc. v. Terra Vallee*, 303 N.W.2d 79, 83 (N.D.1981).

We said in *Wehner v. Schroeder*, 335 N.W.2d 563, 566 (N.D.1983) (citing *Seymour v. Carli*, 31 Minn. 81, 16 N.W. 495 (1883)) that:

"The term 'seized' in the statute is not used in contradistinction to 'possessed', so as to admit of an interpretation that the legal title or ownership only would be sufficient to prevent the statute running as against the true owner, though a stranger be in the actual occupancy, *pedis possessione*, of the land in dispute. The title of the owner of a freehold estate is described by the terms 'seizin', or 'seizin in fee', yet in a proper legal sense the holder of a legal title is not seized until he is fully invested with the possession, actual or constructive."

We went on to say in *Wehner* that possession is the crucial factor under Section 28-01-04, N.D.C.C. Black's Law Dictionary (Fifth Addition 1979) defines "possession" at pages 1047–1048 and states in part:

"The law, in general, recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it. A person who, although not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it."

The trial court concluded that the defendant's statute of limitations defense did not apply based upon the holding in *Sabot v. Fox*, 272 N.W.2d 280 (N.D.1978). However, that case is distinguishable because it held that an action to quiet title was not affected by either the ten year statute of limitations for actions on contract contained in 28–01–15, N.D.C.C., nor affected by the general statute of limitations contained in Section 28–01–22, N.D.C.C. *Sabot* does not stand for the proposition that Section 28–01–04, N.D.C.C., does not apply in quiet title actions.

It is clear from the record that the fence between Bursinger's property and Haas's property had been in place for well over 40 years and that the land in dispute was used solely by the Bursingers.

Bursinger testified that when he purchased the property from Paul Pilloud in 1947, the fence was in place and that Pilloud told him that the fence was placed on the property line. The trial court found that the fence was already on location before the parties purchased the land, but erred in concluding that the statute of limitations was inapplicable in this case due to the *Sabot* decision.

It is clear from the evidence presented that Haas's recovery of the disputed land is barred by the statute of limitations pursuant to Section 28–01–04, N.D.C.C. We, therefore, reverse and remand for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and MESCHKE, JJ., concur.