2015 ND 122

### In the Matter of the ESTATE OF Lyle M. NELSON, Deceased

**First National Bank and Trust Co. of Williston, as personal representative of the Estate of Lyle M. Nelson, Lavina Domagala, Trust Officer, Petitioner and Appellee**

v.

**Glenn S. Solberg; Sharon Solberg Yoder; Bruce Solberg; Elaine Solberg Olson; Gloria Dei Lutheran Church; United Lutheran Church of Zahl; Dakota Boys Ranch of Minot; Heritage Center of Williston; Sons of Norway Lodge # 086 of Williston; James Memorial Preservation Society (Old Library); Veterans and Friends of Old**

Armory; Douglas Murawski; James Murawski; Sandra Barnum; Eric Olson; Samuel Olson; Adam Olson; Tracy Solberg Willette; Angela Solberg; Russell Solberg, Respondents

Glenn S. Solberg, Appellant.

No. 20140377.

Supreme Court of North Dakota.

May 27, 2015.

John S. Foster (argued) and Erin P.B. Zasada (on brief), Grand Forks, N.D., for petitioner and appellee.

Glenn Solberg, Zahl, N.D., respondent and appellant.

CROTHERS, Justice.

[¶ 1] Glenn S. Solberg appeals from a judgment dismissing his petition for allowance of a claim against the estate of Lyle Nelson, his deceased mother's second husband. We are unable to understand the basis for the court's decision, and we reverse and remand.

### I

[¶ 2] Lyle Nelson died in 2012. He was married to Solberg's mother, Lillian (Solberg) Nelson, who died in 2003. Solberg's father died in the 1960s. Under Lillian Nelson's will, Solberg was devised 25 mineral acres located in Williams County. He also was devised "one hundred (100) mineral acres out of what I have remaining at the time of my death in and under other real property, in appreciation for breaking up some of my land during my lifetime." A codicil to his mother's will devised Solberg an option to purchase certain farmland in Williams County previously owned by his parents at $275 per acre. The option was for two years from the date of his mother's death. In the probate of Lillian Nelson's estate in 2003, Solberg received 25 mineral acres located in Williams County.

[¶ 3] Solberg filed a claim against Lyle Nelson's estate, claiming under his mother's will and codicil that he was entitled to 100 mineral acres and to purchase farmland owned by his parents at $275 per acre. First National Bank and Trust of Williston, as personal representative of Lyle Nelson's estate, disallowed the claim, stating Lillian Nelson owned only 25 mineral acres at her death, which were conveyed to Solberg. Solberg then petitioned the district court to allow the claim. The Bank moved to dismiss the claim, arguing Lillian Nelson did not own any additional mineral acres at the time of her death, Lyle Nelson did not own or possess any of Lillian Nelson's mineral acres and the claim was barred by the statute of limitations. Solberg opposed the motion and requested the court to take judicial notice of his parents' Williams County probate documents. The court granted the Bank's motion to dismiss.

### II

[¶ 4] The district court granted the Bank's motion to dismiss Solberg's claim, stating "grounds for dismissal exist as argued in the [Bank's] Brief." No further explanation was provided. The Bank argued for dismissal of Solberg's claim on two grounds. First, the Bank argued Solberg failed to state a claim upon which relief could be granted under N.D.R.Civ.P. 12(b)(6) because the property claimed by Solberg was never owned by Lyle Nelson, nor was it part of his estate. Second, the Bank argued the claim should have been against Lillian Nelson's estate and was barred by the three-year limitation period

under N.D.C.C. § 30.1–21–06. The Bank's motion included three documents from Lillian Nelson's probate: (1) the inventory and appraisement and supplemental inventory and appraisement, (2) the personal representative's deed of distribution to Solberg and (3) the second codicil to Lillian Nelson's will.

[¶ 5] "A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)(vi) tests the legal sufficiency of the claim presented in the complaint." *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161,* 2011 ND 185, ¶ 6, 803 N.W.2d 827 (quoting *Vandall v. Trinity Hosps.,* 2004 ND 47, ¶ 5, 676 N.W.2d 88). "On appeal from a dismissal under N.D.R.Civ.P. 12(b)(vi), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint." *Brandvold,* at ¶ 6 (quoting *Vandall,* at ¶ 5). This Court reviews a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo. *Brandvold,* at ¶ 6. A motion to dismiss under N.D.R.Civ.P. 12(b)(6) is based on the pleadings, and "[i]f . . . matters outside the pleadings are presented to and not excluded by the district court, the motion [must be] treated as a motion for summary judgment under N.D.R.Civ.P. 56." *Mills v. City of Grand Forks,* 2012 ND 56, ¶ 7, 813 N.W.2d 574 (quoting *Zutz v. Kamrowski,* 2010 ND 155, ¶ 8, 787 N.W.2d 286).

[¶ 6] An action barred by a statute of limitations generally is dismissed under the summary judgment standards of N.D.R.Civ.P. 56. *See Riemers v. Omdahl,* 2004 ND 188, 687 N.W.2d 445; *Dimond v. State ex rel. State Bd. of Higher Ed.,* 2001 ND 208, 637 N.W.2d 692. Summary judgment "is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn

from undisputed facts, or if the only issues to be resolved are questions of law." *Mills,* 2012 ND 56, ¶ 7, 813 N.W.2d 574 (quoting *Benz Farm, LLP v. Cavendish Farms, Inc.,* 2011 ND 184, ¶ 9, 803 N.W.2d 818). Whether summary judgment is properly granted is a question of law which we review de novo on the entire record. *Benz Farm,* at ¶ 10.

[¶ 7] The district court dismissed Solberg's claim for reasons argued in the Bank's brief in support of its motion to dismiss. However, the court did not explain whether the claim was dismissed on the pleadings under N.D.R.Civ.P. 12(b)(6), whether it was dismissed under N.D.R.Civ.P. 56 after considering the evidence submitted by the Bank or whether it was dismissed under N.D.R.Civ.P. 56 because it was barred by the statute of limitations.

[¶ 8] This Court cannot perform its appellate function if we are unable to understand the rationale underlying the district court's decision. *See Empower the Taxpayer v. Fong,* 2013 ND 187, ¶ 7, 838 N.W.2d 452; *Estate of Wicklund,* 2012 ND 29, ¶¶ 22, 32, 812 N.W.2d 359; *Clark v. Clark,* 2005 ND 176, ¶ 9, 704 N.W.2d 847. "A reviewing court needs to know the reasons for the trial court's decision before it can intelligently rule on the issues, and if the trial court does not provide an adequate explanation of the evidentiary and legal basis for its decision we are left to merely speculate whether the court properly applied the law." *Empower the Taxpayer,* at ¶ 7 (internal citation omitted).

[¶ 9] After reviewing the district court's order dismissing Solberg's claim, we are unable to understand the basis for the court's decision. We do not know what "grounds for dismissal . . . as argued in the [Bank's] Brief" were relied on by the district court, and we are uncertain

whether the court dismissed the claim under N.D.R.Civ.P. 12(b)(6) or N.D.R.Civ.P. 56. The court did not state with sufficient specificity the reasons for its decision.

[¶ 10] In his response to the Bank's motion to dismiss the claim, Solberg requested the district court to take judicial notice of his parents' Williams County probate documents. Under N.D.R.Ev. 201(b), a court may judicially notice a fact not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice on its own" or *"must take judicial notice if a party requests it and the court is supplied with the necessary information."* N.D.R.Ev. 201(c) (emphasis added).

[¶ 11] The district court's order dismissing Solberg's claim did not address his request to take judicial notice of his parents' probate documents. The court did not state whether it took judicial notice of the probate documents or whether it considered Solberg's request and denied it. We cannot properly review a district court's decision if we are unable to understand it. *Empower the Taxpayer*, 2013 ND 187, ¶ 7, 838 N.W.2d 452.

[¶ 12] We conclude the court's order does not provide an adequate explanation of the legal basis for its decision, and we are unable to properly perform our appellate function. The district court also erred under N.D.R.Ev. 201(c) by not addressing Solberg's request to take judicial notice of his parents' Williams County probate documents. We reverse the judgment dismissing Solberg's claim against Lyle Nelson's estate and remand to the district court with directions to explain the legal basis for its decision and address Solberg's judicial notice request.

[¶ 13] Finally, we note Solberg stated at oral argument he did not understand why the court dismissed his claim. If the district court had adequately explained its decision, Solberg may have better understood the court's reasoning, and this appeal may have been avoided. We expect parties to fully raise and brief issues on appeal to provide a fair and adequate opportunity for response from opposing parties. *Roise v. Kurtz*, 1998 ND 228, ¶ 10, 587 N.W.2d 573. Similarly, a district court must adequately explain the evidentiary and legal basis for its decision, allowing the parties and this Court to understand the decision.

### III

[¶ 14] We reject the Bank's argument that Solberg's appeal is frivolous. The district court's judgment is reversed and remanded for proceedings consistent with this opinion.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.