2017 ND 132

Shirley HAGENESS, Patricia Robbins, Bernice Larson, Gregory Moore, Monte Moore, Debbie Wagner, Marrilee Campbell, Amy Jo LaBree, Scott Moore, Kathy Schmidt and Bonnie Strand, Plaintiffs and Appellants

v.

Juanita C. DAVIS, as Trustee of Juanita C. Davis Revocable Living Trust; Teresa A. Vineyard as Trustee of the Davis Family Trust; Scott P. Davis as Trustee of the Davis Family Trust; Juanita C. Davis, a single person; Christine Meiers; Richard D. Meiers; Gayne L. Meiers; Gladys L. Meiers; Lee Meiers; Defendants and Appellees

and

All unknown persons claiming any estate or interest in or lien upon the property described in the Complaint, Defendants

No. 20160167

Supreme Court of North Dakota.

Filed 6/7/2017

Robert S. Rau, Minot, N.D., for plaintiffs and appellants.

Nicholas P. Van Deven (argued), St. Louis, Mo., and Bryan L. Van Grinsven (appeared), Minot, N.D., for defendants and appellees Juanita C. Davis, as Trustee of Juanita C. Davis Revocable Living Trust; Teresa A. Vineyard as Trustee of the Davis Family Trust; Scott P. Davis as Trustee of the Davis Family Trust; and Juanita C. Davis, a single person.

Scott M. Knudsvig (argued) and Matthew H. Olson (on brief), Minot, N.D., for defendants and appellees Christine Meiers, Richard D. Meiers, Gayne L. Meiers, Gladys L. Meiers, and Lee Meiers.

VandeWalle, Chief Justice.

[¶ 1] The plaintiffs appealed from an amended judgment entered after the district court granted summary judgment dismissing their claims against the defendants (collectively, "Davises" and "Meiers"), seeking to determine title to real property. We conclude the district court did not err in concluding the plaintiffs' action was time-barred under N.D.C.C. § 28–01–04. We affirm.

I

[¶ 2] In October 2015, the plaintiffs commenced this quiet title action to determine the parties' interests in property located in Mountrail County. The plaintiffs generally allege they are descendants or successors

in interest of Walter Larson, who died in 1959, and challenge the validity of certain deeds from the 1950s transferring Larson's interest in the property at issue to the defendants' predecessors in interest. The Meiers claimed they were the surface owners of the land under an unbroken chain of title to the surface since 1972. The Davises claimed they were the mineral owners under an unbroken chain of title establishing their ownership of the mineral rights for more than sixty years and asserted they and their predecessors in interest have actively possessed and been seized of the mineral rights since at least 2005 by executing one or more oil and gas leases.

[¶ 3] On December 8, 2015, the Davises moved to dismiss the action under N.D.R.Civ.P. 12(b), contending the plaintiffs' claims were time-barred under N.D.C.C. § 28–01–04 and did not allege superior title to the property. The Davises alternatively requested the district court order the plaintiffs to provide a more definitive statement under N.D.R.Civ.P. 12(e). On December 17, the Meiers moved to dismiss the action for failure to state a claim under N.D.R.Civ.P. 12(b)(6), asserting the claims were barred by the statute of limitations. They alternatively requested summary judgment under N.D.R.Civ.P. 56. On December 18, the Meiers also filed an answer dated November 9, 2015, that denied the claims and raised defenses, including statute of limitations.

[¶ 4] On December 29, 2015, the plaintiffs filed a response brief to the Meiers' motion and a cross-motion for partial summary judgment against them. The plaintiffs' notice of motion requested oral argument on the motion but did not set a time and date, and their supporting brief also stated they "request Oral Argument at a time convenient to the Court and scheduled by the Court." On December 31, 2015,

the plaintiffs also moved for partial summary judgment against the Davises, again requesting oral argument be "scheduled by the Court," but without setting a specific date or time.

[¶ 5] On December 31, 2015, the Davises moved the district court for a protective order staying discovery pending the court's ruling on their motion to dismiss. On January 13, 2016, Meiers also moved for a similar protective order staying discovery. In January 2016, notices for oral argument on the Davises' and Meiers' pending motions for protective orders and to dismiss were also served and filed, scheduling a hearing for February 11, 2016. The district court held a hearing on February 11, 2016, during which counsel for the parties made arguments on the pending motions.

[¶ 6] On February 11, 2016, the district court granted the defendants' motions for a stay of discovery pending resolution of the motions to dismiss. On March 29, 2016, the court granted the Meiers' and the Davises' motions, dismissing the plaintiffs' complaint against both sets of defendants. The court held that the plaintiffs' complaint was barred by the twenty-year statute of limitations under N.D.C.C. § 28–01–04 and that the plaintiffs had failed to raise a genuine issue of material fact for trial. The court entered a judgment dismissing the action with prejudice on April 7, 2016.

[¶ 7] On April 13, 2016, the district court entered an order clarifying that its prior order disposed of all pending matters, including the plaintiffs' cross-motions for summary judgment. An amended judgment was entered on April 15, 2016, dismissing the action with prejudice and specifically denying the plaintiffs' motions for partial summary judgment.

II

[¶ 8] The plaintiffs raise several procedural issues on appeal. They argue the

district court improperly denied them oral argument on their motions for summary judgment and discovery, improperly denied their right to discovery, and failed to rule on discovery motions when defendants had purportedly waived their request for protective orders by answering discovery.

[¶ 9] We have said N.D.R.Ct. 3.2[1] applies to all motion practice unless a conflicting rule governs the matter. *Paxton v. Wiebe*, 1998 ND 169, ¶ 13, 584 N.W.2d 72. We have explained:

> Under N.D.R.Ct. 3.2(a)(3), a court may decide routine motions on briefs without holding a formal hearing, unless a party requests one. If a party who timely served and filed a brief requests a hearing on a motion, then such a hearing must be held and it is not discretionary with the trial court. [T]he party requesting oral argument must secure a time for the argument and serve notice upon all other parties. A request for oral argument is not complete until the requesting party has secured a time for oral argument.

*Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 18, 855 N.W.2d 608 (citations and quotation marks omitted).

[¶ 10] The plaintiffs' argument asserting they were denied "demanded" oral argument on their motions is unavailing. Although the plaintiffs argue on appeal that the district court's protective order had stayed all proceedings, the order only stayed discovery pending resolution of the motions to dismiss. We note the parties' arguments at the February 2016 hearing addressing defendants' motions to dismiss were substantively the same as those the parties made regarding the plaintiffs' summary judgment motions and responsive briefing. During the hearing, Meiers' counsel also alternatively requested the court to rule on the matter as a summary judgment under N.D.R.Civ.P. 56 and consider the other matter submitted outside the pleadings. Further, the plaintiffs' counsel did not object at the hearing when the district court addressed the interrelated summary judgment issues, nor did the plaintiffs' counsel otherwise inform the court that additional oral argument on their partial summary judgment motions would be necessary.

[¶ 11] After the district court granted the protective order, it was clear additional discovery by the parties would be unnecessary if the court concluded the matter could be resolved on the motions. The plaintiffs moved for partial summary judgment against both sets of defendants, contending summary judgment for the plaintiffs was appropriate. However, the plaintiffs assert more discovery would be necessary to preclude summary judgment in the defendants' favor. *See* N.D.R.Civ.P. 56(f). On the basis of our review of the record, we conclude the district court did not err in denying the plaintiffs' motions after the February 2016 hearing.

[¶ 12] The plaintiffs argue the district court improperly revised its decision after the initial judgment.

[¶ 13] Under N.D.R.Civ.P. 60(a), the district court on its own motion may correct "a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." *See Kukla v. Kukla*, 2013 ND 192, ¶ 11, 838 N.W.2d 434 (quoting *Fargo Glass and Paint Co. v. Randall*, 2004 ND 4, ¶ 5, 673 N.W.2d 261).

---

1. Although not applicable in this case, N.D.R.Ct. 3.2(a)(3) was amended effective March 1, 2016, to require any party requesting oral argument to secure a time for the argument within fourteen days of the request; otherwise, the request will be waived and the matter considered on the briefs.

"The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Roth v. Hoffer*, 2006 ND 119, ¶ 9, 715 N.W.2d 149 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).

[¶ 14] In entering its amended judgment, the district court did not "change its mind," rather the court clarified the scope of its earlier order and judgment. The subsequent order and amended judgment were entered in response to the plaintiffs' assertions that issues and pending motions remained. The plaintiffs did not file their notice of appeal divesting the district court of jurisdiction until May 4, 2016, after the amended judgment had been entered. We therefore conclude the court had both jurisdiction and authority under N.D.R.Civ.P. 60(a) to enter the post-judgment order on April 13, 2016, clarifying its prior order and judgment, and the amended judgment.

[¶ 15] We conclude the plaintiffs' procedural arguments are without merit. In any event, as we discuss below, the plaintiffs failed to establish the existence of any genuine issue of material fact regarding the statute of limitations in response to the defendants' motions to dismiss.

### III

[¶ 16] Although the plaintiffs raise a myriad of issues, the dispositive issue on appeal is whether the district court erred in granting summary judgment on the ground their action is time-barred.

[¶ 17] We have addressed the proper standard for reviewing motions under N.D.R.Civ.P. 12(b) and N.D.R.Civ.P. 56:

"A motion to dismiss a complaint under N.D.R.Civ.P. 12(b)( [6] ) tests the legal sufficiency of the claim presented in the complaint." *Brandvold v. Lewis & Clark Pub. Sch. Dist. No. 161*, 2011 ND 185, ¶ 6, 803 N.W.2d 827 (quoting *Vandall v. Trinity Hosps.*, 2004 ND 47, ¶ 5, 676 N.W.2d 88). "On appeal from a dismissal under N.D.R.Civ.P. 12(b)( [6] ), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint." *Brandvold*, at ¶ 6 (quoting *Vandall*, at ¶ 5). This Court reviews a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo. *Brandvold*, at ¶ 6. A motion to dismiss under N.D.R.Civ.P. 12(b)(6) is based on the pleadings, and "[i]f ... matters outside the pleadings are presented to and not excluded by the district court, the motion [must be] treated as a motion for summary judgment under N.D.R.Civ.P. 56." *Mills v. City of Grand Forks*, 2012 ND 56, ¶ 7, 813 N.W.2d 574 (quoting *Zutz v. Kamrowski*, 2010 ND 155, ¶ 8, 787 N.W.2d 286).

*In re Estate of Nelson*, 2015 ND 122, ¶ 5, 863 N.W.2d 521.

[¶ 18] We have said that "[a]n action barred by a statute of limitations generally is dismissed under the summary judgment standards of N.D.R.Civ.P. 56." *In re Estate of Nelson*, 2015 ND 122, ¶ 6, 863 N.W.2d 521. Our standard for reviewing summary judgments is also well-established:

Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material

fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Markgraf v. Welker*, 2015 ND 303, ¶ 10, 873 N.W.2d 26 (quoting *Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754). "Summary judgment is inappropriate if neither party is entitled to judgment as a matter of law or if reasonable differences of opinion exist as to the inferences to be drawn from the undisputed facts." *Markgraf*, at ¶ 10 (quoting *Northern Oil & Gas, Inc. v. Creighton*, 2013 ND 73, ¶ 11, 830 N.W.2d 556).

[¶ 19] The plaintiffs argue the district court erred as a matter of law in dismissing the action as time-barred under N.D.C.C. § 28–01–04, which provides:

No action for the recovery of real property or for the possession thereof may be maintained, unless the plaintiff, or the plaintiff's ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of such action.

[¶ 20] We have said the statute's plain language states it applies in actions for the recovery or possession of real property and held it applies in quiet title actions. *Markgraf*, 2015 ND 303, ¶ 31, 873 N.W.2d 26; *James v. Griffin*, 2001 ND 90, ¶ 12, 626 N.W.2d 704; *Wehner v. Schroeder*, 335 N.W.2d 563, 566 (N.D. 1983). "A party is barred from bringing an action for the recovery or possession of real property, unless the party was seized or possessed of the property within twenty years before bringing the action." *Markgraf*, at ¶ 32; *see also James*, at ¶ 12; *Haas v. Bursinger*, 470 N.W.2d 222, 223 (N.D. 1991). "The twenty-year period is measured back from the commencement of the action." *Markgraf*, at ¶ 32.

[¶ 21] Here, although the Meiers and the Davises initially moved to dismiss the action under N.D.R.Civ.P. 12(b)(6), the district court applied the standards for summary judgment under N.D.R.Civ.P. 56, because the motions sought dismissal on grounds of a statute of limitations and the court considered matters outside of the pleadings. In granting summary judgment, the court held that granting the plaintiffs' request "to quiet title in their names at this late date would require the Court to turn a blind eye to the defined twenty-year statute of limitations and to 'undo' over six decades of multiple conveyances." The court further explained it could not "ignore the statutory requirements of N.D.C.C. § 28–01–04 to appease the Plaintiffs."

[¶ 22] On appeal, rather than showing the plaintiffs were seized or possessed of the subject property in this case within the twenty years before this action was commenced, the plaintiffs attack property transfers made in the 1950s. The plaintiffs argue the statute's limitations period had

been tolled, waived, or is inapplicable based on estoppel, fiduciary relationships, fraud, notice, and undue influence. The plaintiffs contend that various exceptions to the statute supported by fact were shown to exist and that the statute was not applicable to the Davises' severed mineral interests. The plaintiffs further argue the defendants and their predecessors in interest were not acting in good faith, had knowledge of self-dealing by their predecessors, and "knew or should have known" that there was either no grantor for the property they dealt with, they were collaterally attacking a prior district court judgment, and they were dealing with an incapacitated person for whom their predecessor was a fiduciary.

[¶ 23] The Meiers respond, however, the plaintiffs failed to explain the connection between the factual assertions and the legal theories and failed to present competent evidence raising a material factual issue. As the Meiers succinctly state: "Hageness is unable to survive summary judgment by making baseless accusations, with no affidavit testimony or otherwise, that the statute of limitation is not applicable because an unknown fraud was committed, a fiduciary relationship was apparently present, or that someone unduly influenced another person—all of which apparently happened in the early 1950s." The Davises similarly argue the plaintiffs failed to raise a material fact issue and produced no evidence to support their allegations.

[¶ 24] Although the plaintiffs' arguments on appeal are convoluted and clearly factual in nature, they are based on mere suppositions and inferences that must be made from the documents in the record. Putting aside whether certain documents supporting the plaintiffs' motions and responses satisfied N.D.R.Civ.P. 56(e), the district court concluded the plaintiffs had not met their burden to survive summary judgment by failing to raise a genuine issue of material fact. The court reviewed the matter in the light most favorable to the plaintiffs and found the record wanting. We agree.

[¶ 25] We conclude the district court's grant of summary judgment based on the twenty-year limitation period under N.D.C.C. § 28–01–04 was proper because the plaintiffs failed to show the existence of a genuine issue of material fact. None of the submitted documents and materials established the plaintiffs were seized or possessed of the property at issue within the preceding twenty years before this action was commenced. We therefore conclude the district court properly granted summary judgment for the defendants.

IV

[¶ 26] We have considered the plaintiffs' remaining arguments and find them to be without merit or unnecessary to our opinion. The amended judgment is affirmed.

[¶ 27] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom, S.J.

[¶ 28] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.