# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 148

| | |
|---|---|
| Robert V. Bolinske, Sr., | Plaintiff and Appellant |
| v. | |
| Dale V. Sandstrom, Gail Hagerty, | Defendants and Appellees |
| and | |
| Robert R. Port, | Defendant |

## No. 20220016

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.

Opinion of the Court by Tufte, Justice.

Robert V. Bolinske, Sr., self-represented, Bismarck, N.D., plaintiff and appellant.

Matthew A. Sagsveen, Solicitor General, Office of Attorney General, Bismarck, N.D., for defendants and appellees.

# Bolinske v. Sandstrom
## No. 20220016

**Tufte, Justice.**

[¶1]  Robert Bolinske appeals from a judgment dismissing his claims against former Supreme Court Justice Dale Sandstrom and former District Court Judge Gail Hagerty ("State Defendants") and awarding them attorney's fees. We affirm in part, concluding the district court properly dismissed Bolinske's claims of procedural and substantive due process, civil conspiracy, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress, governmental bad faith, and tortious outrage. We reverse in part, concluding the district court erred by dismissing the defamation claim under the statute of limitations. We vacate the award of attorney's fees, and remand for further proceedings.

## I

[¶2]  In October 2016, Bolinske alleged in a press release that the State Defendants conspired to misfile or hide a petition for supervisory writ that he submitted in a prior case and thus tampered with public records. A few days after this press release, Rob Port published an article on his "Say Anything" blog regarding Bolinske's press release. The article states that Port contacted Sandstrom and quotes Sandstrom as having said Bolinske's press release was "bizarre and rather sad" and that "[a]lthough I've been aware of his mental health problems for years, I don't recall ever having seen anything in his email before." Three days after the article was published, Hagerty filed a grievance complaint against Bolinske, alleging he violated the North Dakota Rules of Professional Conduct. Based on the complaint, a disciplinary action was brought against Bolinske. The Inquiry Committee found Bolinske violated the Rules of Professional Conduct and issued him an admonition. The Disciplinary Board of the Supreme Court affirmed, and we affirmed, concluding his procedural due process rights were not violated. *Matter of Bolinske*, 2018 ND 72, ¶ 11, 908 N.W.2d 462.

[¶3]  In February 2019, Bolinske commenced this action and alleged the State Defendants denied him procedural and substantive due process, and

1

committed defamation, civil conspiracy, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress, governmental bad faith, and tortious outrage. He sought money damages, and injunctive and declaratory relief. The case was stayed for resolution of Bolinske's similar federal action. After the federal action was dismissed, *Bolinske v. N.D. Sup. Ct.*, Civil No. 18-213, 2019 WL 2565672 (D.N.D. June 20, 2019), and affirmed by the Eighth Circuit Court of Appeals, *Bolinske v. N.D. Sup. Ct.*, 823 F. App'x 444 (8th Cir. 2020), the district court lifted the stay. The State Defendants moved to dismiss under N.D.R.Civ.P. 12(b). Bolinske responded that the motion was converted into a motion for summary judgment because matters outside of the pleadings were being presented. The district court converted the motion, granted the State Defendants' motion for summary judgment, dismissed Bolinske's claims, and awarded the State Defendants' attorney's fees.

## II

[¶4] Our standard of review for a grant of summary judgment is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Thompson-Widmer v. Larson*, 2021 ND 27, ¶ 10, 955 N.W.2d 76.

[¶5]  Bolinske argues he timely notified the office of management and budget (OMB) of his alleged injuries.

[¶6]  "An action for an injury proximately caused by the alleged negligence, wrongful act, or omission of a state employee occurring within the scope of the employee's employment must be brought against the state." N.D.C.C. § 32-12.2-03(1). "A state employee is not personally liable for money damages for an injury when the injury is proximately caused by the negligence, wrongful act, or omission of the employee acting within the scope of employment." N.D.C.C. § 32-12.2-03(2). "A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget *within one hundred eighty days* after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded." N.D.C.C. § 32-12.2-04(1) (emphasis added). "Injury" includes "injury to a person's rights or reputation." N.D.C.C. § 32-12.2-01(2) and (4). The district court lacks subject matter jurisdiction absent a timely filing of a notice of claim under N.D.C.C. § 32-12.2-04(1). *Ghorbanni v. N.D. Council on the Arts*, 2002 ND 22, ¶ 8, 639 N.W.2d 507.

[¶7]  Bolinske's press release, Sandstrom's alleged statements, and Hagerty's grievance complaint all occurred in October 2016. Bolinske alleged he demanded a retraction or correction from Sandstrom on or about January 14, 2017. Bolinske filed his notice of claim with OMB on September 19, 2017. Bolinske does not challenge the district court's conclusion that he discovered or reasonably should have discovered his injuries by at least January 14, 2017. Thus, even if the later date of January 14, 2017, is when Bolinske discovered his alleged injuries, he was required to file his notice of claim with OMB by July 13, 2017. Because he did not file it until September 19, 2017, his notice was over two months late. *See Ghorbanni*, 2002 ND 22, ¶ 8 (requiring strict compliance with N.D.C.C. § 32-12.2-04(1)).

[¶8]  Bolinske argues the State Defendants acted outside the scope of their employment when they committed these alleged acts. "'Scope of employment'

means the state employee was acting on behalf of the state in the performance of duties or tasks of the employee's office or employment lawfully assigned to the employee by competent authority or law." N.D.C.C. § 32-12.2-01(6). Bolinske alleged in his amended complaint that the State Defendants were acting under color of state law in committing the alleged acts. The only claim alleged to have occurred outside of the State Defendants' scope of employment is the defamation claim against Sandstrom, where Bolinske alleged Sandstrom made defamatory statements to Port, who published the statements in an article. The State Defendants do not assert, nor does the record show, that the alleged statements from Sandstrom were made while he was acting on behalf of the State in performing his duties as a Justice of the Court. Thus, the defamation claim does not fail for lack of subject matter jurisdiction. Further, because Bolinske sought injunctive and declaratory relief—declaring the lawyer disciplinary process unlawful and enjoining the State Defendants from pursuing any further disciplinary action against him—his procedural and substantive due process claims challenging the lawyer disciplinary process survive the jurisdictional phase.

[¶9]   Accordingly, Bolinske failed to comply with N.D.C.C. § 32-12.2-04(1) and the district court properly dismissed his claims of civil conspiracy, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress, governmental bad faith, and tortious outrage for lack of subject matter jurisdiction.

IV

[¶10] Bolinske argues the district court erred by concluding his claims are barred by claim and issue preclusion. "Res judicata, or claim preclusion, is the more sweeping doctrine that prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction." *Hofsommer v. Hofsommer Excavating, Inc.*, 488 N.W.2d 380, 383 (N.D. 1992). "[C]ollateral estoppel, or issue preclusion, generally forecloses the relitigation, in a second action based on a different claim, of particular issues of either fact or law which were, or by logical and

4

necessary implication must have been, litigated and determined in the prior suit." *Id.*

[¶11] The district court concluded Bolinske's claims of procedural and substantive due process, malicious prosecution, abuse of process, intentional infliction of emotional distress, governmental bad faith, and tortious outrage were barred by the federal action. The federal action does not preclude these claims. The federal district court determined it lacked subject matter jurisdiction and granted without prejudice the State Defendants' motion to dismiss, concluding, "The Court declines the parties' invitation to delve deeply into matters of immunity, governmental bad faith, and related issues. At this stage, it would be improper for this Court to weigh in on substantive legal questions that are properly before the North Dakota Supreme Court in Bolinske's pending matter." *Bolinske v. N.D. Sup. Ct.*, Civil No. 18-213, 2019 WL 2565672, *4-5 (D.N.D. June 20, 2019). The Eighth Circuit Court of Appeals affirmed. *Bolinske v. N.D. Sup. Ct.*, 823 F. App'x 444 (8th Cir. 2020). "[W]hen a dismissal is for 'lack of jurisdiction,' the effect is not an adjudication on the merits, and therefore the res judicata bar does not arise." *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 148 (8th Cir. 1981); *see also Trottier v. Bird*, 2001 ND 177, ¶ 6 n.1, 635 N.W.2d 157 (stating dismissal for lack of subject matter jurisdiction is not an adjudication on the merits of a claim); *Fettig v. Estate of Fettig*, 2019 ND 261, ¶¶ 18, 21, 934 N.W.2d 547 (noting that the doctrines of claim and issue preclusion apply to judgments on the merits). Because the federal district court did not adjudicate the merits of these claims, instead concluding it lacked subject matter jurisdiction, which was affirmed by the Eighth Circuit, these claims are not barred by claim or issue preclusion as a result of the federal action.

[¶12] Bolinske's procedural due process claim, however, attacks the process of his disciplinary action. Thus, because this Court concluded his procedural due process rights were not violated in *Matter of Bolinske*, 2018 ND 72, ¶ 11, 908 N.W.2d 462, we conclude his procedural due process claim is barred by res judicata.

[¶13] Further, N.D.R. Lawyer Discipl. 6.5, provides, "Communications to the board and its secretary, district inquiry committees, hearing panels, or counsel

5

relating to lawyer misconduct or disability, as well as testimony given in any disability or disciplinary proceeding, are privileged, and no lawsuit predicated thereon may be instituted against any *complainant or witness*." (Emphasis added.) The State Defendants did not adjudicate Bolinske's disciplinary matters, nor participate in the matters beyond witnessing or complaining of his actions. Thus, to the extent any of Bolinske's claims are based upon the State Defendants' communications related to the disciplinary process, those claims are barred under Rule 6.5 as the State Defendants are either a complainant or witness. We conclude the district court did not err in dismissing Bolinske's due process claims.

V

A

[¶14] Bolinske argues the district court erred in dismissing his defamation claim under the statute of limitations. He asserts the State Defendants failed to properly raise a statute of limitations defense.

[¶15] Under N.D.C.C. § 28-01-39, "The objection that an action was not commenced within the time limited by law can only be taken by answer." The State Defendants did not file an answer to the complaint, instead filing a Rule 12(b) motion to dismiss. The State Defendants argue that requiring an answer to raise a statute of limitations defense would preclude a Rule 12 or Rule 56 motion and such requirement is inconsistent with case law allowing the defense in a Rule 12 motion, citing *In re Estate of Nelson*, 2015 ND 122, 863 N.W.2d 521. In *Estate of Nelson*, we reversed and remanded to the district court because we were unable to understand the basis for the court's dismissal. 2015 ND 122, ¶ 9. We did not analyze the issue of failing to raise the defense in an answer as provided under N.D.C.C. § 28-01-39 in *Estate of Nelson*.

[¶16] This Court has held that under N.D.C.C. § 28-01-39,[1] a statute of limitations defense "cannot be raised by demurrer, but must be pleaded by answer," and "even though the fact is apparent upon the face of the complaint."

---

[1] Previously codified at N.D.R.C. § 28-0139 (1943).

*Hagen v. Altman*, 79 N.W.2d 53, 59 (N.D. 1956). A "demurrer" was similar to a motion to dismiss. *See Black's Law Dictionary* 546 (11th ed. 2019) (stating that in most jurisdictions a demurrer is now termed a motion to dismiss).

[¶17] South Dakota has a similar statute and has likewise held that a statute of limitations defense must be pled by answer (or a responsive pleading) and cannot be raised by a motion to dismiss. *See* SDCL § 15-2-1 ("The objection that the action was not commenced within the time limited can only be taken by answer or other responsive pleading."); *Guthmiller v. Deloitte & Touche, LLP*, 2005 S.D. 77, ¶ 8, 699 N.W.2d 493 (concluding that lower court erred by granting a motion to dismiss on a statute of limitations defense because a "pre-answer motion under Rule 12(b), such as a motion to dismiss for failure to state a claim, is not a responsive pleading"); *see also* Wis. Stat. § 893.01 ("An objection that the action was not commenced within the time limited may only be taken by answer or *motion to dismiss . . . .*") (emphasis added).

[¶18] Because N.D.C.C. § 28-01-39 requires that a statute of limitations defense "can only be taken by answer" and the State Defendants have not answered the amended complaint, we conclude the district court erred by dismissing the defamation claim under the statute of limitations. Nothing we say here would foreclose the district court from resolving any post-answer motion under Rule 12 or Rule 56.

B

[¶19] The State Defendants argue that even if they were required to plead their statute of limitations defense in an answer, the alleged statements are not defamatory as a matter of law.

[¶20] In North Dakota, every person "may freely write, speak and publish his opinions on all subjects, being responsible for the abuse of that privilege." N.D. Const. art. I, § 4. Every person has the right to be protected from defamation, which includes either libel or slander. N.D.C.C. §§ 14-02-01, 14-02-02. "Libel is a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes the person to be shunned or avoided, or which has a tendency to injure the person in the person's occupation." N.D.C.C. § 14-02-03. "Slander is a false and unprivileged

7

publication other than libel, which . . . [t]ends directly to injure the person in respect to the person's office, profession, trade, or business . . . or [b]y natural consequence causes actual damage." N.D.C.C. § 14-02-04(3), (5). A privileged communication is one made:

1.  In the proper discharge of an official duty;
2.  In any legislative or judicial proceeding or in any other proceeding authorized by law;
3.  In a communication, without malice, to a person interested therein by one who also is interested, or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent, or who is requested by the person interested to give the information; and
4.  By a fair and true report, without malice, of a judicial, legislative, or other public official proceeding, or of anything said in the course thereof.

N.D.C.C. § 14-02-05. Malice is not inferred from the communication or publication in the cases provided for in subsections 3 and 4. *Id.*

[¶21] Communications are qualifiedly privileged under N.D.C.C. § 14-02-05(3) and (4). *Krile v. Lawyer*, 2020 ND 176, ¶ 36, 947 N.W.2d 366. "The analysis of a qualified privilege requires a two-step process to determine: (1) if a communication's attending circumstances necessitate a qualified privilege; and (2) if so, whether the privilege was abused." *Id.* "If the circumstances for a communication are not in dispute, the determination of whether there is a qualified privilege is a question of law for the court." *Id.* Abuse of a qualified privilege requires actual malice:

> A qualified privilege is abused if statements are made with actual malice, without reasonable grounds for believing them to be true, on a subject matter irrelevant to the common interest or duty. Actual malice is required in order to defeat a qualified privilege. Actual malice depends on scienter and requires proof that a statement was made with malice in fact, ill-will, or wrongful motive. Actual malice is not inferred from the communication itself; the plaintiff must prove actual malice and abuse of the privilege. Generally, actual malice and abuse of a qualified privilege are questions of fact. However, where the facts and

8

inferences are such that reasonable minds could not differ, factual issues are questions of law.

*Id.* at ¶ 37 (cleaned up).

[¶22] The Rob Port article quotes Sandstrom as saying Bolinske's press release was "bizarre and rather sad" and that "[a]lthough I've been aware of his mental health problems for years, I don't recall ever having seen anything in his email before." The State Defendants argue this case is similar to *Lieberman v. Fieger*, 338 F.3d 1076, 1080 (9th Cir. 2003), which concluded that an attorney referring to a psychiatrist as "Looney Tunes," "crazy," "nuts," and "mentally imbalanced" was protected speech under the First Amendment as statements of opinion and could not form the basis for a defamation claim.

[¶23] The district court dismissed the defamation claim solely on statute of limitations grounds without addressing the merits of the claim. On appeal, Bolinske does not address this issue in his brief, and the State Defendants primarily focus on *Lieberman*, a Ninth Circuit case. As an appellate court, "we are a court of review, not of first view." *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005). Therefore, we decline to consider this issue in the first instance on appeal. *See Krile*, 2020 ND 176, ¶¶ 38-40 (remanding to consider qualified immunity).

[¶24] We reverse the dismissal of the defamation claim and remand to the district court for further proceedings.

VI

[¶25] Bolinske contends the district court erred by dismissing his claims without allowing additional time to conduct discovery.

[¶26] The district court converted the State Defendants' 12(b) motion to dismiss into a Rule 56 motion for summary judgment. Under N.D.R.Civ.P. 56(f), "If a party opposing the motion shows by declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable declarations to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Rule 56(f) is within the discretion of the district court and

9

will not be reversed unless the court has abused its discretion. *Choice Fin. Grp. v. Schellpfeffer*, 2006 ND 87, ¶ 9, 712 N.W.2d 855. Strict compliance with the declaration requirement of Rule 56(f) is not fatal to a request for additional discovery. *Id.* at ¶ 12. However, a proponent of the request must "identify with specificity 'what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Id.* (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989)).

[¶27] Bolinske argues the district court erred by not denying the State Defendants' motion or ordering a continuance to allow declarations to be obtained and depositions to be taken of the State Defendants. Bolinske asserts he attempted to depose the State Defendants but was refused access by their attorney. Bolinske did not file an affidavit or declaration, instead stating in his response to the State Defendants' motion to dismiss that he submits the response "in Affidavit form." In his response, and now on appeal, Bolinske asserts discovery was needed to investigate his conspiracy claim; and to determine what Sandstrom told Port, why Sandstrom made the statements, and Sandstrom's source of information regarding Bolinske's mental health.

[¶28] Because Bolinske's conspiracy claim has been dismissed for failure to file a timely notice of claim with OMB, further discovery would not avoid dismissal as to this claim. However, because we reverse the defamation claim and remand for further proceedings, the district court may reconsider whether there is a need for discovery on that claim.

VII

[¶29] Bolinske argues the district court erred in concluding his claims are frivolous and awarding attorney's fees to the State Defendants.

[¶30] The district court awarded attorney's fees under N.D.C.C. § 28-26-01(2), which provides:

> In civil actions the court shall, upon a finding that a claim for relief was frivolous, award reasonable actual and statutory costs, including reasonable attorney's fees to the prevailing party. Such costs must be awarded regardless of the good faith of the attorney or party making the claim for relief if there is such a complete

10

absence of actual facts or law that a reasonable person could not have thought a court would render judgment in that person's favor, providing the prevailing party has in responsive pleading alleged the frivolous nature of the claim.

The court has discretion under this statute to determine whether the claim is frivolous and how much to award. *McCarvel v. Perhus*, 2020 ND 267, ¶ 19, 952 N.W.2d 86. However, the court must award costs and attorney's fees if it finds the claim is frivolous. *Id.* "A court's discretionary determinations under N.D.C.C. § 28-26-01(2) will not be overturned on appeal absent an abuse of discretion." *Sagebrush Res., LLC v. Peterson*, 2014 ND 3, ¶ 15, 841 N.W.2d 705. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, its decision is not the product of a rational mental process leading to a reasoned determination, or it misinterprets or misapplies the law." *Tillich v. Bruce*, 2017 ND 21, ¶ 7, 889 N.W.2d 899.

[¶31] The district court found Bolinske's claims frivolous based on the res judicata effect of the federal action and undisputed facts that he had failed to meet the statutory deadlines and statutes of limitations. Bolinske contends, because the allegations in this action and the federal action were effectively made simultaneously, there was no federal court decision in existence when he made the allegations in this case. He further argues the federal action has no res judicata effect because those claims were not dismissed on the merits, but for lack of jurisdiction.

[¶32] Because we have concluded the federal action does not preclude Bolinske's claims, the district court abused its discretion by finding his claims frivolous on the basis of the federal action and application of res judicata. However, the undisputed facts show Bolinske failed to timely file a notice of claim under N.D.C.C. § 32-12.2-04(1), precluding any claims for money damages. *See Larson v. Baer*, 418 N.W.2d 282, 290 (N.D. 1988) (stating that a district court is "entitled to consider the frivolity of individual claims for relief when awarding attorney's fees under NDCC § 28-26-01(2)"). Thus, the court did not abuse its discretion by finding the seven claims identified in Part III, ¶ 9, frivolous for failing to timely file a notice of claim and awarding attorney's fees on the frivolity of those claims. However, in light of our reversing the defamation claim and remanding for further proceedings, and the court's

11

partially erroneous reasoning for awarding attorney's fees, we vacate the award of attorney's fees and direct the district court to reconsider the issue after final resolution of the defamation claim.

## VIII

[¶33] We affirm the judgment in part, concluding the district court properly dismissed the claims of procedural and substantive due process, civil conspiracy, malicious prosecution, abuse of process, intentional and negligent infliction of emotional distress, governmental bad faith, and tortious outrage. We reverse in part, concluding the court erred by dismissing the defamation claim under the statute of limitations. We vacate the award of attorney's fees, and remand for further proceedings consistent with this opinion.

[¶34] Jon J. Jensen, C.J.
Jerod E. Tufte
Allan L. Schmalenberger, S.J.
Norman G. Anderson, S.J.
David W. Nelson, S.J.

[¶35] The Honorable Allan L. Schmalenberger, Honorable Norman G. Anderson, and Honorable David W. Nelson, Surrogate Judges, sitting in place of VandeWalle, J., Crothers, J., and McEvers, J., disqualified.